IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERIMETRAL ORIENTAL DE BOGOTÁ,
S.A.S.,

    *Petitioner*,

v.

AGENCIA NACIONAL DE
INFRAESTRUCTURA
and
THE REPUBLIC OF COLOMBIA

    *Respondents*.

Civil Action No. _____

**Declaration of Jason W. Myatt in Support of Petition to Confirm Arbitral Award**

# EXHIBIT 2

# Certified English Translation of Exhibit 2

Washington, DC

## TRANSLATOR AFFIDAVIT

I, Mary Lewis, of 323 Peabody Street NW, Washington, DC 20011, am a qualified, professional translator for the Spanish and English languages. My qualifications include 15 years of experience as a translator of written documents from Spanish to English and a Master of Arts degree in Spanish Language from West Virginia University. I am certified by the American Translators Association under certification number 493386 for Spanish into English translation.

I herewith certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English of the attached Decision on the Request for Clarification of the Final Partial Award on Jurisdiction, Liability and Damages.

Signature

Mary Lewis

Name

4/9/2025

Date

District of Columbia
Signed and sworn to (or affirmed) before me
on 4/9/2025 by Mary Lewis
    Date                    Name(s) of Individual(s) making Statement

Signature of Notarial Officer
UPS notary public
Title of Office
My commission expires: 12/14/2025

LARRY KELSEY RUCKER
NOTARY
EXPIRES
DEC 14 2025
PUBLIC
DISTRICT OF COLUMBIA

## INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

_____

## Case Number 01-20-0015-3123

_____

### BETWEEN:

### PERIMETRAL ORIENTAL DE BOGOTA,

### S.A.S. AND SHIKUN & BINUI VT AG,

### Claimants

### -and-

### AGENCIA NACIONAL DE INFRAESTRUCTURA

### Respondent

---

## DECISION ON THE REQUEST FOR CLARIFICATION OF THE FINAL PARTIAL AWARD ON JURISDICTION, LIABILITY AND DAMAGES

---

### Arbitration Tribunal:

### Elina Mereminskaya (Arbitrator)

### Cristián Conejero (Arbitrator)

### Eduardo Palmer (President of the Arbitration Tribunal)

### 7 March 2025

### Bogotá, Colombia

1. This decision ("**Decision**") is issued in the Arbitration Case Number 01-20-0015-3123 of the International Centre for Dispute Resolution ("**ICDR**") and it constitutes a decision on the request for clarification of the final partial award on jurisdiction, liability and damages ("**Award**" or "**Partial Award**"). All capitalized terms used in this Decision have the same meaning as in the Partial Award.

## I.    POSITION OF THE PARTIES

### A.    THE ANI'S REQUEST

2. On 17 January 2025, the ANI filed a request pursuant to Article 106 of Law 1563 of 2012, and Article 33 of the ICDR Rules. It petitioned the Arbitration Tribunal to clarify or add the following points: 1) to specify whether the monetary amounts received for tolls of any kind and the cut-off dates were deducted from the amounts recognized to POB as profits from UFs 1, 2 and 3; 2) to specify the date on which the Final Hearing in this arbitration concluded; 3) to specify whether the measures provided for in the Provisional Award were lifted or remain in force; and 4) to specify the evidence or expert opinion from which the Arbitration Tribunal derived the figure of COP $119,500,000,000 that must be refunded by the ANI to POB for the Supervision and Oversight Sub-account funds, and to specify the reason for ordering a payment to POB that exceeds the value of the funding provided by the concessionaire to the Supervision and Oversight Sub-account (COP $56,730,597,519).

### B.    POB'S RESPONSE

3. On 10 February 2025, within the timeframe indicated by the Arbitration Tribunal, POB submitted its response to the ANI's request.

4. POB notes that none of the points raised by the ANI amount to a genuine request for clarification, given that they do not refer to the sections of the Partial Award.

5. Regarding the first request, POB indicates that this would not be applicable because the Award was clear in stating that the compensation provided to POB for UFs 1, 2 and 3 deducts the sums of money received by POB for Toll Collections

up to the cut-off date and does not compensate POB for future Toll Collection, but rather for profits lost. POB emphasizes that, with its request, the Respondent seeks to reopen a discussion on the merits of the case.

6. Regarding the ANI's second request, POB believes that the Partial Award is clear in stating that, at the time the Partial Award was issued, the Final Hearing was still ongoing pursuant to Article 27 of the ICDR Rules, and that it has not yet concluded, which is why the Parties were able to file their submissions on interest and costs and respond to the opposing party's submissions.

7. Regarding the ANI's third request, POB finds it improper, given that the Provisional Award itself established that these measures would remain in force until the entire dispute between the Parties is resolved; in other words, until the final partial award on interest and costs is issued.

8. Regarding the ANI's fourth request, POB highlights that this request does not refer to any matter of the Partial Award that raises doubts or confusion with regard to its scope, but rather calls into question the evidentiary and substantive assessment made in the Award.

9. However, in response to the ANI's request, POB notes that the Partial Award should be corrected to clarify: (i) the item from which this compensation arises; and (ii) the amount at which this item is to be compensated. POB maintains that the item corresponds to the portion assigned to UFs 4 and 5 from the total funding of the Trust Fund *Patrimonio Autónomo* Sub-accounts and that it amounts to COP $115,400,000,000, as shown in Exhibits CER-009 and CER-010.

10. It adds that the Partial Award set forth that POB must be compensated for all costs incurred with respect to UFs 4 and 5. However, POB requests clarification as to whether the Award granted POB the costs incurred under the heading "Funding Obligations" to compensate POB for the total amount of the funding payments with respect to UFs 4 and 5. POB maintains that this item should be included in

3

the list of costs to be compensated, and that this amount, which was demonstrated through the evidence provided by FTI, totals COP $115,400,000,000.

## II.    APPLICABLE LAW

11. Article 33 of the ICDR Rules states:

> *1. Within 30 days after the receipt of an award, any party, with notice to the other party, may request the arbitral tribunal to interpret the award or correct any clerical, typographical, or computational errors or make an additional award as to claims, counterclaims, or setoffs presented but omitted from the award.*

> *2. If the tribunal considers such a request justified after considering the contentions of the parties, it shall comply with such a request within 30 days after receipt of the parties' last submissions respecting the requested interpretation, correction, or additional award. Any interpretation, correction, or additional award made by the tribunal shall contain reasoning and shall form part of the award.*

## III.    DECISION OF THE ARBITRATION TRIBUNAL

12. The Arbitration Tribunal finds that POB's response to the ANI's first request provides a proper summary of the reasons why the request is unjustified, and the Tribunal accepts those arguments and incorporates them here by reference. Therefore, the Arbitration Tribunal will not grant the ANI's first request. Specifically, the Loss of Profit methodology used by FTI, based on Exhibit CER-002, deducted the amounts received by POB from the sums to be compensated to POB.

13. The ANI's second request is unjustified because point 18 of the Holding in the Partial Award expressly states that the case file remains open, which is an alternative way to confirm that the Final Hearing remains ongoing. For these reasons, the Arbitration Tribunal will not grant this request.

4

14. The ANI's third request for clarification is unjustified, inasmuch as it refers to the Provisional Award and not the Partial Award. In turn, the Provisional Award clearly states that the measures imposed were put into place "until a final award is issued to definitively resolve the dispute in the Arbitration." The issuance of the Partial Award did not bring the arbitration process to an end; on the contrary, the Arbitration Tribunal gave the Parties an opportunity to submit their positions on interest and costs. The Arbitration may only conclude with the issuance of a partial award on these matters. For these reasons, the Arbitration Tribunal will not grant this request.

15. Finally, the ANI's fourth request must be examined in the context of POB's response, which, when read together, shows that the ANI's request is justified. With respect to POB's observation, the Tribunal did mention the issue of funding obligations in its discussion of the costs incurred by POB for UFs 4 and 5. The Partial Award simply did not repeat the discussion on the funding obligations item within the list of costs incurred by POB for UFs 4 and 5, because, as the Tribunal noted, those costs were addressed in a separate section of the Award.[1]

16. In any case, the Arbitration Tribunal wishes to clarify that its intention at all times has been to grant full compensation for the costs incurred by POB for UFs 4 and 5 under the funding obligations. This amount includes the overpayments to the Supervision and Oversight account for UFs 4 and 5, which, as recognized by the ANI itself, makes up part of the sum of COP $56.730.597.519. In addition to the payments to the Supervision and Oversight account for UFs 4 and 5, the compensation amount for funding obligations also includes the other funding costs for UFs 4 and 5, which total COP $115,400,000,000, as indicated in Exhibit CER-010, Table 5-3.

---

[1] Partial Award, footnote 670, ¶872.

17. Thus, the figure of COP $119,500,000,000 that the ANI is required to refund to POB for the funding obligations contains a numerical error that must be clarified, in addition to clarifying the reference to a source of evidence, as the ANI has requested. Specifically, this item is associated with the figure of COP $115,400,000,000. According to the Arbitration Tribunal's reading of Exhibit CER-010, Table 5-3 in this exhibit shows that the portion of the funds of all the sub-accounts associated with UFs 4 and 5 is equivalent to: (i) COP $64,900,000,000 for UF4 and (ii) COP $50,500,000,000 for UF5, resulting in a final amount of COP $115,400,000,000.

18. In line with the above, to maintain consistency in the body of the Award, the Arbitration Tribunal finds it necessary to clarify the following: instead of indicating the figure of COP $119,500,000,000, paragraphs 482 and 497 should state the figure of COP $115,400,000,000, and the respective footnotes 373 and 382 should reference Exhibit CER-010, Table 5-3, instead of what is stated therein.

19. Furthermore, at the end of paragraph 482 and paragraph 497, the Arbitration Tribunal adds the following clarification: "The Tribunal understands that this amount also includes other funding costs with respect to UFs 4 and 5."

## IV.    HOLDING

20. Based on the above considerations, the Arbitration Tribunal determines as follows:

1. It finds the first three requests for clarification and addition to the Award submitted by the ANI to be unjustified and does not grant them.

2. It finds the fourth request for clarification of the Award, submitted by the ANI, to be justified. In this regard, after hearing the Parties' arguments, the Tribunal clarifies that the amount of the funding item for which the ANI must compensate POB is COP $115,400,000,000, and not COP $119,500,000,000 as erroneously stated in paragraphs 482, 497 and paragraph 11 of the Decision [Operative Part] of the Partial Award. The Tribunal also clarifies that this amount is obtained from Exhibit CER-010, Table 5-3 and not from the support previously indicated in footnotes 373 and 382.

6

3.  Similarly, the second sentence of paragraph 11 of the Decision [Operative Part] is clarified to state as follows: "Therefore, the Tribunal grants COP $115,400,000,000, as a result of the non-proportional reduction of the Supervision and Oversight Sub-account, together with the other funding costs for UFs 4 and 5, and as costs incurred with respect to UFs 4 and 5."

4.  As a result of this clarification, the Arbitration Tribunal also clarifies that the updated amount of funding obligations must be reflected in paragraph 17 of the Decision [Operative Part] of the Partial Award, and the amount of the overall compensation indicated in the same paragraph totals COP $1,332,305,900,000, and not COP $1,336,405,900,000 as indicated therein.

5.  In addition, paragraph 17 of the Decision [Operative Part] of the Partial Award must be clarified as follows: "In sum, the ANI must pay POB COP $413,605,900,000 for costs incurred with respect to UFs 4 and 5; COP $115,400,000,000, for the absence of proportional reduction to the Supervision and Oversight Subaccount, along with other funding costs for UFs 4 and 5; and COP $803,300,000,000 for loss of profits with respect to UFs 1-3, for a total of COP $1,332,305,900,000."

6.  Finally, the sentence "Furthermore, this Partial Award is immediately enforceable, and the ANI has the obligation to pay the total sum of COP $1,336,405,900,000 awarded to POB, effective immediately," should read as "Furthermore, this Partial Award is immediately enforceable, and the ANI has the obligation to pay the total sum of COP $1,332,305,900,000 awarded to POB, effective immediately."

Pursuant to Article 33, paragraph 2, of the ICDR Rules, this decision forms part of the Partial Award.

I hereby certify that, for purposes of Article 1 of the 1958 New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, this Decision on the Request for Clarification of the Partial Award was issued in **Bogotá, Colombia.**

[digital signature]

Elina Mereminskaya

[signature]

Cristián Conejero

[signature]

Eduardo Palmer

8

I, [digital signature], affirm under my oath as Arbitrator that I am the person described herein who has executed this instrument, which is this Decision on the Request for Clarification of the Partial Award.


       [digital signature]

Elina Mereminskaya

    Arbitrator


I, _____, affirm under my oath as Arbitrator that I am the person described herein who has executed this instrument, which is this Decision on the Request for Clarification of the Partial Award.


       [signature]

Cristián Conejero

    Arbitrator


I, *Eduardo Palmer*, affirm under my oath as Arbitrator that I am the person described herein who has executed this instrument, which is this Decision on the Request for Clarification of the Partial Award.


    *7 March 2025*                        [signature]

    Date                                    Eduardo Palmer, President of the

                                                    Arbitration Tribunal

# Spanish Original of Exhibit 2

**CENTRO INTERNACIONAL DE RESOLUCIÓN DE DISPUTAS**

───────────────────────────────

**Caso Número 01-20-0015-3123**

───────────────────────────────

**ENTRE:**

**PERIMETRAL ORIENTAL DE BOGOTA, S.A.S.**

**Y SHIKUN & BINUI VT AG,**

**Demandantes**

**-y-**

**AGENCIA NACIONAL DE INFRAESTRUCTURA**

**Demandada**

---

**DECISIÓN SOBRE LA PETICIÓN DE ACLARACIÓN DEL LAUDO PARCIAL FINAL SOBRE JURISDICCIÓN, RESPONSABILIDAD Y DAŇOS**

---

**Tribunal Arbitral:**

**Elina Mereminskaya (Árbitro)**

**Cristián Conejero (Árbitro)**

**Eduardo Palmer (Presidente del Tribunal Arbitral)**

**7 de marzo de 2025**

**Bogotá, Colombia**

1. La presente decisión ("**Decisión**") se emite en el arbitraje Caso Número 01-20-0015-3123 del Centro Internacional de Resolución de Disputas ("**CIRD**") y constituye una decisión sobre la petición de la aclaración del laudo parcial final sobre jurisdicción, responsabilidad y daños ("**Laudo**" o "**Laudo Parcial**"). Los términos en mayúsculas empleados en esta Decisión tienen el mismo significado que en el Laudo Parcial.

## I.    POSICIÓN DE LAS PARTES

### A.    SOLICITUD DE LA ANI

2. Con fecha 17 de enero de 2025, la ANI presentó una solicitud de conformidad al artículo 106 de la Ley 1563 de 2012, y el artículo 33 del Reglamento CIRD. Solicita al Tribunal Arbitral aclarar o adicionar los siguientes puntos: 1) precisar si de los valores reconocidos a POB como utilidades de las UFs 1, 2 y 3 se descontaron las sumas de dinero percibidas por concepto de peajes a cualquier título y las fechas de corte; 2) precisar la fecha en la que concluyó la Audiencia Final en este arbitraje; 3) precisar si las medidas previstas en el Laudo Provisional se levantaron o continúan vigentes; y 4) precisar la prueba o dictamen de la que el Tribunal Arbitral extrajo la cifra de COP $119.500.000.000 que debe ser restituida por la ANI a POB por concepto de fondeos de Subcuenta de Interventoría y Supervisión, y precisar la razón para ordenar un pago a favor de POB que excede el valor de los fondeos efectuados por el concesionario a la Subcuenta de Interventoría y Supervisión (COP $56.730.597.519).

### B.    RESPUESTA DE POB

3. Dentro del plazo indicado por el Tribunal Arbitral, con fecha 10 de febrero de 2025, POB presentó su respuesta a la solicitud de la ANI.

4. POB señala que ninguno de los planteamientos de la ANI constituye una verdadera solicitud de aclaración, dado que no se refieren a los apartes del Laudo Parcial.

5. Con respecto a la primera solicitud, POB indica que sería improcedente porque el Laudo fue claro en señalar que la compensación otorgada a POB por las UFs 1, 2 y 3 descuenta las sumas de dinero percibidas por POB por concepto de Recaudo de Peaje hasta la fecha

de corte y no indemniza a POB por el Recaudo de Peaje futuro, sino por las utilidades dejadas de percibir. Enfatiza que, con su solicitud, la Demandada intenta a reabrir una discusión sobre el fondo del asunto.

6.  En cuanto a la segunda solicitud de la ANI, POB considera que el Laudo Parcial es claro en señalar que, para el momento de su expedición, la Audiencia Final continuaba abierta, en los términos del artículo 27 del Reglamento CIRD y que continúa abierta, motivo por el cual las Partes pudieron presentar sus escritos sobre intereses y costos y observar los escritos de la contraria.

7.  En cuanto a la tercera solicitud de la ANI, POB la estima improcedente dado que el mismo Laudo Provisional estableció que dichas medidas continuaban vigentes hasta que se resuelva la totalidad de la controversia entre las Partes, esto es, hasta que se expida el laudo parcial final sobre intereses y costas.

8.  En cuanto a la cuarta solicitud de la ANI, POB destaca que ésta no se refiere a algún punto del Laudo Parcial que genere un motivo de duda o confusión respecto de su alcance, sino que llega a cuestionar la valoración probatoria y de fondo efectuada en el Laudo.

9.  Sin embargo, en respuesta a la solicitud de la ANI, POB señala que el Laudo Parcial debe ser corregido para precisar: (i) el concepto del que proviene esta indemnización; y (ii) el monto por el que debe indemnizarse este concepto. Sostiene que el concepto corresponde a la porción asignada a las UFs 4 y 5 de la totalidad de los fondeos de las Subcuentas del Patrimonio Autónomo y su monto es de COP $115.400.000.000, conforme lo señalan las Pruebas CER-009 y CER-010.

10. Agrega que el Laudo Parcial estableció que debían compensársele a POB todos los costos incurridos con respecto a las UFs 4 y 5. Sin embargo, POB pide aclaración sobre si el Laudo otorgó los costos incurridos en el rubro de "Obligaciones de Fondeo" a POB, para indemnizar a POB por el total do los pagos de fondeo con respecto a las UFs 4 & 5.  POB sostiene que dicho concepto debería incluirse en el listado de los costos a indemnizar,

3

siendo su monto demostrado a través de la prueba desarrollada por el FTI de COP $115.400.000.000.

## II.    NORMATIVA APLICABLE

11. El artículo 33 del Reglamento de CIRD señala:

> *1. Dentro de los 30 días siguientes a la recepción del laudo, cualquiera de las partes podrá solicitar, notificando a la otra parte, que el tribunal arbitral interprete el laudo, que corrija errores de transcripción, tipográficos o de cálculo, o que dicte un laudo adicional relativo a demandas, reconvenciones o compensaciones formuladas por las partes pero omitidas en el laudo.*

> *2. Si el tribunal considera que la solicitud está justificada, después de considerar los argumentos de las partes, cumplirá con la solicitud dentro de los 30 días siguientes a la última presentación de las partes en relación con la interpretación, corrección o el dictado de un laudo adicional. Cualquier interpretación, corrección o laudo adicional que haga el tribunal deberá ser razonada y formará parte del laudo.*

## III.    DECISIÓN DEL TRIBUNAL ARBITRAL

12. El Tribunal Arbitral estima que la respuesta de POB a la primera solicitud de la ANI resume adecuadamente los motivos por los cuales dicha solicitud no es justificada y el Tribunal adopta esos argumentos y los incorpora aquí por referencia. Por lo tanto, el Tribunal Arbitral no accederá a ella. En particular, la metodología Loss of Profit empleada por FTI a partir de la Prueba CER-002 supone descontar de los montos a indemnizar los valores recibidos por POB.

13. La segunda solicitud de la ANI carece de justificación por encontrarse expresamente establecido en el numeral 18 de la Parte Resolutiva del Laudo Parcial que el expediente se mantiene abierto, lo que es una forma alternativa para afirmar que la Audiencia Final se mantiene abierta. Por lo anterior, el Tribunal Arbitral no accederá a dicha solicitud.

14. La tercera solicitud de aclaración de la ANI no se encuentra justificada, dado que se refiere al Laudo Provisional y no al Laudo Parcial. A su vez, el Laudo Provisional es claro en señalar que las medidas dictadas se imponían "hasta en tanto se emita un laudo final por el que se dirima definitivamente la controversia en el Arbitraje". La emisión del Laudo Parcial no concluyó el proceso arbitral, por el contrario, el Tribunal Arbitral otorgó a las Partes una oportunidad para presentar sus posiciones sobre los intereses y costas. Únicamente con la emisión de un laudo parcial referido a estas materias el Arbitraje podrá concluir. Por las razones señaladas, el Tribunal Arbitral no accederá a dicha solicitud.

15. Finalmente, la cuarta solicitud de la ANI debe ser analizada en el contexto de la respuesta de POB, de cuya lectura conjunta la solicitud de la ANI aparece justificada. Con respecto a la observación de POB, el Tribunal sí mencionó el tema de las obligaciones de fondeo dentro de su discusión sobre los costos incurridos por POB por las UFs 4 y 5. El Laudo Parcial simplemente no repitió la discusión sobre el concepto de las obligaciones de fondeos dentro del listado de los costos incurridos por POB por las UFs 4 y 5, porque, como notó el Tribunal, dichos costos fueron tratados en una sección independiente del Laudo. [1]

16. De toda forma, el Tribunal Arbitral desea aclarar que su intención, en todo momento ha sido la de otorgar una compensación completa por los costos incurridos por POB por las UFs 4 y 5 por concepto de las obligaciones de fondeo. Incluyendo dentro de este monto, los pagos en exceso a la cuenta de la Supervisión e Interventoría para las UFs 4 & 5, lo que constituye, tal como lo reconoce la misma ANI, parte de la suma de COP $56.730.597.519. Además de los pagos a la cuenta de la Supervisión e Interventoría para los UFs 4 & 5, el monto de compensación por el concepto de obligaciones de fondeo también incluye los otros costos de fondeo de los UFs 4 & 5, que en su totalidad suman COP $115.400.000.000, como lo indica la Prueba CER-010, Tabla 5-3.

---

[1] Laudo Parcial, pie de página 670, ¶872.

17. De esta manera, la cifra de COP $119.500.000.000 que debe ser restituida por la ANI a POB por concepto de las obligaciones de fondeo contiene un error numérico que debe ser aclarado junto con aclarar la referencia a una fuente probatoria, tal como lo solicita la ANI. En particular, dicho concepto corresponde a la cifra de COP $115.400.000.000, según el Tribunal Arbitral percibe de la lectura de la Prueba CER-010, cuya Tabla 5-3 demuestra que la porción de los fondeos de todas las subcuentas que corresponde a las UFs 4 y 5 equivale a: (i) COP $64.900.000.000 de la UF4 y (ii) COP $50.500.000.000 de la UF5, arrojando un monto final de COP $115.400.000.000.

18. En línea con lo anterior, para mantener la coherencia en el cuerpo del Laudo, el Tribunal Arbitral estima necesario aclarar lo siguiente: los párrafos 482 y 497 deben indicar, en lugar de la cifra de COP $119.500.000.000, la cifra de COP $115.400.000.000, y las respectivas notas a pie de página 373 y 382 deben indicar Prueba CER-010, Tabla 5-3, en vez de lo allí indicado.

19. Además, al final del párrafo 482 y del párrafo 497 el Tribunal Arbitral añade la siguiente aclaración: "El Tribunal entiende que este monto también incluye otros costos de fondeos con respecto a las UFs 4 y 5".

## IV.    PARTE RESOLUTIVA

20. Con base en los antecedentes anteriores, el Tribunal Arbitral decide lo siguiente:

1. Considera injustificadas las primeras tres solicitudes de aclaración y adición del Laudo presentadas por la ANI y no accede a ellas.

2. Considera justificada la cuarta solicitud de aclaración del Laudo, presentada por la ANI. En este contexto, habiendo escuchado los argumentos de las Partes, aclara que el monto correspondiente por concepto de fondeos que debe ser compensado por la ANI a POB corresponde a COP $115.400.000.000, y no a COP $119.500.000.000 como erróneamente se había señalado en los párrafos 482, 497 y el numeral 11 de la parte resolutiva del Laudo Parcial. Aclara, asimismo, que dicho monto se deduce de la Prueba CER-010, Tabla 5-3 y no del soporte previamente indicado en las notas a pie de página 373 y 382.

3. Asimismo, la segunda oración del numeral 11 de la parte resolutiva se aclara quedando su tenor literal como sigue: "En consecuencia, el Tribunal otorga COP $115.400.000.000, como consecuencia de la no reducción proporcional de la Subcuenta de Interventoría y Supervisión del Contrato, junto con los otros costos de fondeos de las UFs 4 y 5, y con carácter de costos incurridos respecto de las UFs 4 y 5".

4. A consecuencia de esta aclaración, el Tribunal Arbitral también aclara que el monto actualizado de obligaciones de fondeo debe reflejarse en el numeral 17 de la parte resolutiva del Laudo Parcial, y el monto de indemnización integral indicada en el mismo numeral asciende a COP $1.332.305.900.000, y no a COP $1.336.405.900.000 como allí se indica.

5. Asimismo, el numeral 17 de la parte resolutiva del Laudo Parcial debe ser aclarado como sigue: "En resumen, la ANI deberá pagar a POB, COP $413.605.900.000, por los costos incurridos respecto a las UFs 4 y 5; COP $115.400.000.000, por la no reducción proporcional a la Subcuenta de Supervisión e Interventoría, junto con los otros costos de fondeos de las UFs 4 y 5; y COP $803.300.000.000 por pérdida de utilidad respecto de las UFs 1-3, por un total de COP $1.332.305.900.000".

6. Finalmente, la frase "Además, este Laudo Parcial es ejecutable inmediatamente y la ANI tiene la obligación de pagar la suma total de COP $1.336.405.900.000 otorgada a POB, con efecto inmediato", debe leerse como "Además, este Laudo Parcial es ejecutable inmediatamente y la ANI tiene la obligación de pagar la suma total de COP $1.332.305.900.000 otorgada a POB, con efecto inmediato".

Conforme a lo señalado en el numeral 2 del artículo 33 del Reglamento de CIRD, esta decisión forma parte del Laudo Parcial.

Por la presente, certifico que, a los efectos del Artículo I de la Convención de Nueva York de 1958 sobre el Reconocimiento y Ejecución de Laudos Arbitrales Extranjeros, esta Decisión sobre la petición de aclaración del Laudo Parcial se dictó en **Bogotá, Colombia**.

ELINA
MEREMINSKAYA *      Digitally signed by ELINA
                    MEREMINSKAYA *
                    Date: 2025.03.07 11:15:33
                    -03'00'

Elina Mereminskaya

Cristián Conejero

Eduardo Palmer

8

Yo, ELINA MEREMINSKAYA * [Digitally signed by ELINA MEREMINSKAYA * Date: 2025.03.07 11:16:09 -03'00'], afirmo bajo mi juramento como Arbitro que soy la persona aquí descrita y quien ha ejecutado el presente instrumento que es esta Decisión sobre la petición de aclaración del Laudo Parcial.

ELINA MEREMINSKAYA * [Digitally signed by ELINA MEREMINSKAYA * Date: 2025.03.07 11:16:36 -03'00']

Elina Mereminskaya

Árbitro

Yo, _____, afirmo bajo mi juramento como Arbitro que soy la persona aquí descrita y quien ha ejecutado el presente instrumento que es esta Decisión sobre la petición de aclaración del Laudo Parcial.

Cristián Conejero

Árbitro

Yo, Eduardo Palmer afirmo bajo mi juramento como Arbitro que soy la persona aquí descrita y quien ha ejecutado el presente instrumento que es esta Decisión sobre la petición de aclaración del Laudo Parcial.

7 de marzo de 2025

Fecha

Eduardo Palmer, Presidente del

Tribunal Arbitral

9