IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERIMETRAL ORIENTAL DE BOGOTÁ, S.A.S.,

    *Petitioner*,

v.

AGENCIA NACIONAL DE INFRAESTRUCTURA
and
THE REPUBLIC OF COLOMBIA

    *Respondents*.

Civil Action No. _____

**Declaration of Jason W. Myatt in Support of Petition to Confirm Arbitral Award**

# EXHIBIT 5

CENTRO INTERNACIONAL PARA LA RESOLUCION DE DISPUTAS
Tribunal de Arbitraje Internacional

**Caso Número 01-20-0015-3123**

PERIMETRAL ORIENTAL DE BOGOTA, S.A.S.
Y, SHIKUN & BINIU VT AG,

    Demandantes,

vs.

AGENCIA NACIONAL DE INFRAESTRUCTURA,

    Demandada.

**Orden Procesal No. 20**

Esta Orden Procesal se emite para resolver la petición de la ANI presentada en el escrito de Respuesta de la ANI a los cálculos y análisis presentados por los demandantes respecto de intereses y costos del arbitraje del día 11 de febrero de 2025 (La Petición). En La Petición, la ANI solicita (1) se le conceda un término de, al menos, 60 días para presentar un escrito integrado de respuesta a la solicitud de costos e intereses formulados por las Demandantes, incluyendo un dictamen de contradicción; (2) se convoque a una audiencia en la que se interroguen a los peritos que elaboraron la prueba CER-011 y el correspondiente dictamen de contradicción; y (3) se permita a las partes presentar escritos de alegatos post audiencia exclusivamente respecto de las pruebas CER-011 y del correspondiente dictamen de contradicción.

Las Demandantes presentaron el Pronunciamiento de las Demandantes sobre la solicitud de la ANI de un término adicional para emitir un pronunciamiento sobre el Escrito de Intereses y Costas de las Demandantes (El Pronunciamiento) el día 14 de febrero de 2025. En El Pronunciamiento, las Demandantes sustentaron estar en desacuerdo con las alegaciones de la ANI y la necesidad de

lo solicitado por la ANI en La Petición; sin embargo, las Demandantes no se oponen a que se conceda el termino para que la ANI responda al Escrito de Intereses y Costas de las Demandantes y la Prueba CER-011. En consideración, el Tribunal Arbitral resuelve lo siguiente:

1. El Tribunal está de acuerdo con las observaciones que hacen las Demandantes en el Pronunciamiento, y las adopta para efectos de esta Orden Procesal. En cuanto a la primera solicitud en La Petición, toda vez que las Demandantes no se han opuesto a la concesión del término de 60 días para responder al Escrito de Intereses y Costas de las Demandantes y la Prueba CER-011, y para proteger los derechos de la ANI, el Tribunal otorga un término de 60 días a la ANI, a más tardar, el día 16 de mayo de 2025, para que presente un escrito integrado de respuesta a la solicitud de costos e intereses formulados por las Demandantes. En cuanto a las solicitudes dos y tres de La Petición, el Tribunal las rechaza, toda vez que queda pendiente la evaluación de la información adicional ordenada aquí, y en caso de ser imprescindible, el Tribunal lo pedirá posteriormente.

2. Las Demandantes podrán presentar un escrito de contestación al escrito integrado de respuesta de la ANI, autorizado en el párrafo precedente. Este escrito de contestación podrá incluir todas las pruebas, incluso un reporte pericial adicional, de considerarse pertinente, dentro de los 31 días posteriores a la presentación del escrito integrado de la ANI, a más tardar, el día 16 de junio de 2025. Dado que el Tribunal le está otorgando a la ANI otra oportunidad para responder a la solicitud de costos e intereses de las Demandantes, las Demandantes también pueden responder a todas las respuestas anteriores de la ANI sobre el tema, dentro su escrito de contestación. En el mismo escrito, las Demandantes deberán identificar, con precisión y mediante la indicación del número de párrafo y página

correspondiente, dentro de los escritos presentados en el curso del presente trámite arbitral (incluyendo, la Demanda de Arbitraje, la Contestación a la Reconvención, la Dúplica, y la Réplica), la sección específica en la que se haya formulado una solicitud expresa al Tribunal respecto de la condena al pago de intereses, tanto pre-laudo como post-laudo arbitral.

3. Dado que el Tribunal Arbitral efectuó una corrección matemática menor en la Decisión sobre la Petición de Aclaración del Laudo Parcial Final sobre Jurisdicción, Responsabilidad y Daños, se solicita a las partes que presenten el cálculo de intereses correspondiente al monto corregido, tanto en lo relativo a los intereses previos al laudo como a los intereses posteriores al laudo. En caso de que dichos cálculos ya se hayan hecho, sírvanse identificar con página y párrafo en cual escrito fueron presentados. Las partes deben incluir la información solicitada en este parágrafo en sus respectivos escritos indicados en los párrafos 2 y 3 de esta Orden.

17 de marzo de 2025

Bogotá, Colombia.

Eduardo Palmer
Presidente

# English Translation of Exhibit 5

INTERNATIONAL CENTER FOR DISPUTE RESOLUTION
International Court of Arbitration

Case Number 01-20-0015-3123

PERIMETRAL ORIENTAL DE BOGOTA, S.A.S.
AND, SHIKUN & BINIU VT AG,

    Plaintiffs,

vs.

NATIONAL INFRASTRUCTURE AGENCY,

    Respondent.

---

**Procedural Order No. 20**

This Procedural Order is issued to address ANI's request set forth in ANI's Response to Claimants' submitted calculations and analysis of interest and costs for the February 11, 2025 arbitration (the Petition). In the , ANI requests (1) a period of at 60 days to submit an integrated written response to Claimants' request for costs and interest, including a counter-opinion; (2) to convene a hearing to question the experts who prepared Exhibit CER-011 and the corresponding counter-opinion; and (3) to allow the parties to file post-hearing briefs exclusively with respect to Exhibit CER-011 and the corresponding counter-opinion.

The Claimants filed the Claimants' Pronouncement on ANI's request for additional time to issue a ruling on the Claimants' Statement of Interests and Costs (The Pronouncement) on February 14, 2025. In the Pronouncement, the Claimants argued that they with ANI's allegations and the need to

ANI's request in the Petition; however, the Claimants do not oppose the granting of time for ANI to respond to the Claimants' Statement of Interests and Costs and Exhibit CER-011. Upon consideration, the Arbitral Tribunal resolves as follows:

1. The Tribunal agrees with the observations made by Claimants in the Pronouncement, and adopts them for purposes of this Procedural Order. As to the first request in The Petition, since Claimants have not objected to the granting of 60 days to respond to Claimants' Interest and Costs Brief and Exhibit CER-011, and to protect ANI's rights, the Tribunal grants ANI 60 days, but no than May 16, 2025, to submit an integrated brief in response to Claimants' request for costs and interest. As to requests two and three of the Petition, the Tribunal rejects them, the evaluation of the additional information ordered herein is still pending, and if necessary, the Tribunal will request it at a later date.

2. Claimants may file a reply to ANI's integrated response brief, as authorized in the preceding paragraph. This reply brief may include all evidence, including an additional expert report, if deemed relevant, within 31 days after the filing of ANI's integrated response brief, no later than June 16, 2025. Since the Tribunal is granting ANI another opportunity to respond to Claimants' request for costs and interest, Claimants may also respond to all of ANI's previous responses on the subject in their reply brief. In the same brief, Claimants should identify, with precision and by indicating the paragraph and page number

The Tribunal shall include in the pleadings filed in the course of the arbitration proceedings (including the Request for Arbitration, the Answer to the Counterclaim, the Rejoinder and Reply), the specific section in which an express request has been made to the Tribunal regarding the award of interest, both pre- and post-award.

3. Since the Arbitral Tribunal made a minor mathematical correction in the Decision on the Motion for Clarification of the Final Partial Award on Jurisdiction, Liability and Damages, the parties are requested to submit the interest calculation corresponding to the corrected amount, both for pre-award and post-award interest. If such calculations have already been made, please identify with page and paragraph in which brief they were submitted. The parties should include the information requested in this paragraph in their respective submissions indicated in paragraphs 2 and 3 of this Order.

March 17, 2025 Bogota

Colombia

Eduardo Palmer
Chairman

3