IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERIMETRAL ORIENTAL DE BOGOTÁ, S.A.S.,

    *Petitioner*,

v.

AGENCIA NACIONAL DE INFRAESTRUCTURA
and
THE REPUBLIC OF COLOMBIA

    *Respondents*.

Civil Action No. _____

**Declaration of Jason W. Myatt in Support of Petition to Confirm Arbitral Award**

# EXHIBIT 12

**REPÚBLICA DE COLOMBIA**

**MINISTERIO DE TRANSPORTE**

**AGENCIA NACIONAL DE INFRAESTRUCTURA**
RESOLUCIÓN No. **20246060008629**
*20246060008629*
Fecha: **01-03-2024**

" *Por medio de la cual se ordena iniciar los tr?mites judiciales de expropiaci?n de una zona de terreno requerida para la ejecuci?n del Proyecto de Infraestructura Vial AUTOPISTA AL MAR 1, correspondiente a la Unidad Funcional 3, ubicado en el municipio de Medellin, departamento de Antioquia.* "

**EL VICEPRESIDENTE DE PLANEACIÓN, RIESGOS Y ENTORNO DE LA AGENCIA NACIONAL DE INFRAESTRUCTURA**

*En uso de sus facultades constitucionales y legales, en especial las conferidas en el Decreto 4165 de 2011, modificado por el Decreto 746 de 2022, el literal vi, numeral 11 del artículo 4º de la Resolución No. 20221000007275 del 03 de junio de 2022 y la Resolución 20244030001045 del 31 de enero de 2024, expedidas por la Agencia Nacional de Infraestructura, y*

**CONSIDERANDO**

Que el artículo 58 de la Constitución Política de 1991, modificado por el Acto Legislativo No. 01 de 1999, consagra: *"Se garantizan la propiedad privada y los demás derechos adquiridos con arreglo a las leyes civiles, los cuales no pueden ser desconocidos ni vulnerados por leyes posteriores. Cuando de la aplicación de una ley expedida por motivos de utilidad pública o interés social, resultare en conflicto los derechos de los particulares con la necesidad por ella reconocida, el interés privado deberá ceder al interés público o social. La propiedad es una función social que implica obligaciones. (…) Por motivos de utilidad pública o de interés social definidos por el legislador, podrá haber expropiación mediante sentencia judicial e indemnización previa. Esta se fijará consultando los intereses de la comunidad y del afectado (…)".*

Que el numeral 1º del artículo 20 de la Ley 9 de 1989, dispone: *"La Expropiación, por los motivos enunciados en el Artículo 10 de la presente Ley, procederá: 1. Cuando venciere el término para celebrar contrato de promesa de compraventa o de compraventa".*

Que el artículo 58 de la Ley 388 de 1997, que modificó el artículo 10 de la Ley 9 de 1989, establece que, para efectos de decretar su expropiación, se declara de utilidad pública o interés social la adquisición de inmuebles para destinarlos a los siguientes fines: *"(…)e) Ejecución de programas y proyectos de infraestructura vial y de sistemas de transporte masivo".*

Que el artículo 59 de la Ley 388 de 1997, que modificó el artículo 11 de la Ley 9 de 1989, prevé: *"Además de lo dispuesto en otras leyes vigentes, la Nación, las entidades territoriales, las áreas metropolitanas y las asociaciones de municipios podrán adquirir por enajenación voluntaria o decretar la expropiación de inmuebles para desarrollar las actividades previstas en el artículo 10 de la Ley 9 de 1989 (…)".*

Que el inciso 6º del artículo 61 de la Ley 388 de 1997, consagra: *"(…) No obstante lo anterior, durante el proceso de expropiación y siempre y cuando no se haya dictado sentencia definitiva, será posible que el propietario y la administración lleguen a un acuerdo para la enajenación voluntaria, caso en el cual se pondrá fin al proceso (…)".*

RESOLUCIÓN No. **20246060008629** Fecha**: 01-03-2024**

Que mediante el Decreto 4165 de 2011, se cambió la naturaleza jurídica del Instituto Nacional de Concesiones INCO de Establecimiento Público a Agencia Nacional Estatal de naturaleza especial, del sector descentralizado de la Rama Ejecutiva del Orden Nacional, con personería jurídica, patrimonio propio y autonomía administrativa, financiera y técnica, que se denominará Agencia Nacional de Infraestructura, adscrita al Ministerio de Transporte.

Que el artículo 3º del Decreto 4165 de 2011, establece que el objeto de la Agencia Nacional de Infraestructura es planear, coordinar, estructurar, contratar, ejecutar, administrar y evaluar proyectos de concesiones y otras formas de Asociación Público Privada (APP), para el diseño, construcción, mantenimiento, operación, administración y/o explotación de la infraestructura pública de transporte en todos sus modos y de los servicios conexos o relacionados y el desarrollo de proyectos de asociación público privada para otro tipo de infraestructura pública cuando así lo determine expresamente el Gobierno Nacional respecto de infraestructuras semejantes a las enunciadas.

Que el artículo 399 de la Ley 1564 de 2012, Código General del Proceso, establece las reglas del proceso de expropiación.

Que el artículo 19 de la Ley 1682 de 2013, define "*como un motivo de utilidad pública e interés social la ejecución y/o desarrollo de proyectos de infraestructura del transporte a los que se refiere esta ley, así como el desarrollo de las actividades relacionadas con su construcción, mantenimiento, rehabilitación o mejora, quedando autorizada la expropiación administrativa o judicial de los bienes e inmuebles urbanos y rurales que se requieran para tal fin, de conformidad con el artículo 58 de la Constitución Política*".

Que el inciso 5º del artículo 6º de la Ley 1742 de 2014, que modificó el artículo 37 de la Ley 1682 de 2013, señala: "*En caso de no llegarse a acuerdo en la etapa de enajenación voluntaria, el pago del predio será cancelado de forma previa teniendo en cuenta el avalúo catastral y la indemnización calculada al momento de la oferta de compra, en la etapa de expropiación judicial*".

Que el vicepresidente de Planeación, Riesgos y Entorno de la Agencia Nacional de Infraestructura ostenta la facultad específica de suscribir los actos administrativos mediante los cuales se ordena el trámite de expropiación, así como aquellos en los cuales se resuelvan los recursos de reposición, de conformidad con lo señalado en el literal vi, numeral 11º del artículo 4º de la Resolución No. 20221000007275 del 3 de junio de 2022, expedida por la Agencia Nacional de Infraestructura.

Que en el caso concreto, la Agencia Nacional de Infraestructura**,** en coordinación con Desarrollo Vial al Mar SAS, en virtud del Contrato de Concesión No. 014 del 03 de septiembre de 2015, se encuentra adelanto el proyecto vial "**AUTOPISTAS AL MAR 1**", como parte de la modernización de la Red Vial Nacional.

Que para la ejecución del proyecto vial "**AUTOPISTAS AL MAR 1**", la Agencia Nacional de Infraestructura requiere la adquisición de una zona de terreno identificada con la ficha predial No. **MAR1_UF3_007** de la Unidad Funcional 3 de fecha 16 de marzo de 2021, elaborada por la Concesionaria Desarrollo Vial al Mar S.A.S., con un área requerida de terreno de **CINCO MIL SETECIENTOS DIECISIETE PUNTO CATORCE METROS CUADRADOS (5.717,14 m2).**

Que el predio requerido y que en adelante se denominará el **INMUEBLE**, se encuentra debidamente delimitado dentro de las abscisas **Margen Derecho: Inicial 00+489.10 Km - Final 00+592.20 Km,** predio denominado Lote No. 1 ubicado en Corregimiento de San Cristóbal, vereda El Naranjal, Municipio de Medellín, Departamento de Antioquia, identificado con la matrícula inmobiliaria **01N-5302926** de la Oficina de Registro de Instrumentos Públicos de Medellín, Zona Norte y con cédula catastral No. **60050000061** y comprendida dentro de los siguientes linderos específicos, tomados de la **Ficha Predial MAR1_UF3_07** de la Unidad Funcional 3 de fecha 16 de marzo de 2021, a saber: "Por el **NORTE**: Linda con predio de FRANCISCO JAVIER ORTIZ VASQUEZ Y DISTRACOM S.A. (MISMO PREDIO) (1-23), en longitud de 143,29 m; Por el **SUR**: Linda con DISTRACOM S.A. (MISMO PREDIO) Y FRANCISCO JAVIER MUÑOZ ORTIZ Y OTROS (33-49), en longitud de 151,31 m; Por el **ORIENTE**: Linda con DISTRACOM S.A. (MISMO PREDIO) (23-33), en longitud de 51,80 m; Por el **OCCIDENTE**: Linda con VÍA MEDELLIN - SANTA FE DE ANTIOQUIA (INVIAS) (49-1), en longitud de 86,88 m"., incluyendo las construcciones anexas, cultivos y/o especies que se relacionan a continuación:

RESOLUCIÓN No. **20246060008629** Fecha**: 01-03-2024**

**Construcciones principales:**

**CONSTRUCCIONES ANEXAS:**

**CULTIVOS Y ESPECIES**:

Que los linderos generales del **INMUEBLE** se encuentran debida y expresamente determinados en la Resolución No 50071460 de fecha 25 de mayo de 2022 expedida por la Alcaldía de Medellín, acto visible en la anotación No 15 de la matrícula inmobiliaria No 01N-5302926.

Que el titular inscrito del derecho real de dominio del Inmueble que figura en el folio de matrícula inmobiliaria N° **01N-5302926** de la Oficina de Registro de Instrumentos Públicos de Medellín, Zona Norte, es la sociedad **DISTRACOM S.A** identificada con la matrícula No 21-226987-4 y NIT 811009788-8, representada legalmente por el señor **MARCO ANTONIO LONDOÑO SIERRA** identificado con cédula de ciudadanía N°. 70.062.176, la cual adquirió el INMUEBLE objeto de estudio mediante Dación en Pago transferido por la sociedad J.A.R. PROYECTOS CIVILES LTDA., identificada con la matrícula N° 21-193580-3 y Nit. 800248305-9, protocolizada en la escritura pública No 2382 del 12 de agosto de 2013 otorgada en la Notaría 21 de Medellín.

Que la Concesionaria Desarrollo Vial al Mar SAS, realizó el estudio de títulos de fecha 31 de octubre de 2016 con alcances del 16 de marzo de 2021 y 12 de diciembre de 2023, en los cuales se conceptuó que era viable la adquisición de la franja requerida del INMUEBLE, a través del procedimiento de enajenación voluntaria y/o expropiación judicial.

Que la Concesionaria Desarrollo Vial al Mar SAS, una vez identificado plenamente el **INMUEBLE** y su requerimiento para el desarrollo del proyecto vial mencionado, solicitó a Avalúos y Tasaciones de Colombia VALORAR S.A avalado por la Lonja de Propiedad Raíz de Medellín y Antioquia, el Avalúo Comercial Corporativo del **INMUEBLE**.

Que Avalúos y Tasaciones de Colombia VALORAR S.A avalado por la Lonja de Propiedad Raíz de Medellín y Antioquia emitió el Avalúo Comercial Corporativo de fecha 12 de abril de 2021 del **INMUEBLE** fijando el mismo la suma de **QUINIENTOS CUARENTA Y SEIS MILLONES CUATROSCIENTOS VEINTISIETE MIL TRESCIENTOS SETENTA Y CUATRO PESOS**

RESOLUCIÓN No. **20246060008629** Fecha**: 01-03-2024**

**($546.427.374) MONEDA CORRIENTE,** que corresponde al área de terreno requerida y las mejoras incluidas en ella, de acuerdo con lo estipulado en el artículo 61 de la ley 388 de 1997 y su decreto reglamentario 1420 de julio 24 de 1993, y el artículo 27 del decreto 2150 de 1995, el cual se encuentra discriminado así:

**Valor terreno, mejoras y especies:**

Que la Concesionaria Desarrollo Vial al Mar SAS, con base en el Avalúo Comercial de fecha 12 de abril de 2021, formuló Oferta Formal de Compra 02-01-20210706001792 del 06 de julio de 2021, la cual deja sin efecto la Oferta Formal de Compra D-226-2017 del 06 de marzo de 2017 y sus alcances D-1587-2017 del 27 de septiembre de 2017 y D-1706 del 13 de octubre de 201, al titular del derecho real de dominio la sociedad **DISTRACOM S.A** identificada con la matrícula N° 21-226987-4 y Nit. 811009788-8, representada legalmente por el señor **MARCO ANTONIO LONDOÑO SIERRA** identificado con cédula de ciudadanía N°. 70.062.176; la cual fue notificada personalmente el 26 de julio de 2021 a su apoderado, el señor SEBASTIAN GOMEZ DIAZ, conforme al certificado de existencia y representación legal de fecha del 01 de julio de 2021 de la Cámara de Comercio de Medellín para Antioquia.

Que la Concesionaria Desarrollo Vial al Mar SAS, mediante oficio 02-01-20210706001793 del 06 de

RESOLUCIÓN No. **20246060008629** Fecha**: 01-03-2024**

julio de 2021, solicitó a la Oficina de Registro de Instrumentos Públicos de Medellín Zona Norte, la cancelación de la Oferta Formal de Compra D-226-2017 del 06 de marzo de 2017 en el folio de matrícula inmobiliaria N° **01N-5302926**, la cual fue inscrita en la anotación No. 13 de fecha 26 de julio de 2021.

Posteriormente, la Concesionaria Desarrollo Vial al Mar SAS, mediante oficio 02-01-20210706001794 del 06 de julio de 2021, solicitó a la Oficina de Registro de Instrumentos Públicos de Medellín Zona Norte, la inscripción de la Oferta Formal de Compra 02-01-20210706001792 del 06 de julio de 2021 en el folio de matrícula inmobiliaria N° **01N-5302926**, la cual fue inscrita en la anotación No. 14 de fecha 26 de julio de 2021.

Que de conformidad con el folio de Matricula Inmobiliaria No**. 01N-5302926,** de la Oficina de Registro de Instrumentos Públicos de Medellín Zona Norte, sobre el inmueble no recaen gravámenes ni limitaciones al derecho real de dominio.

Que la sociedad DISTRACOM S.A identificada con NIT: 811009788-8, presentó a la Concesionaria Desarrollo Vial al Mar SAS, mediante derecho de petición con Radicado No. 05-01-20210817000557 del 17 de agosto de 2021, propuesta de adquisición predial a fin de lograr un proceso amigable con los intereses de ambas partes y llevar a cabo la firma de la escritura pública para terminar la adquisición del Inmueble por medio de enajenación voluntaria.

De acuerdo con lo anterior, la sociedad presenta las siguientes observaciones al proceso de adquisición predial adelantado por parte de la Concesionaria Desarrollo Vial al Mar SAS:

1. *Con el panorama de adquisición antes descrito, es claro que con la oferta de compra notificada a esta sociedad por parte de DEVIMAR, el lote que se puede usar por parte de nuestra organización, luego de hacer efectivo todo el proceso de la compraventa resultante, sufre una depresión y estreches en su parte central, que impediría desarrollar coherentemente y a satisfacción el proyecto constructivo que pretende ejecutar esta sociedad a futuro.*
2. *Es por ello, que formal y respetuosamente, en diferentes reuniones y acercamientos desde la sociedad DISTRACOM S.A, hemos propuesto a la sociedad Desarrollo Vial al Mar SAS, un área de compra que, además de hacer posible el desarrollo coherente de nuestro proyecto, resultaría en una menor área de compra para DEVIMAR y traería beneficios a futuro pues el talud de corte se entregaría en una pendiente mínima, que sin duda representa menor riesgo.*
3. *Es por eso que, se solicita realizar revisión técnica de la propuesta de adquisición descrita en el documento.*
4. *Fijar mesa de diálogos entre las sociedades a fin de poder exponer la propuesta.*
5. *Realizar corrección de la oferta formal de compra presentada por parte de la sociedad Desarrollo vial al Mar SAS.*

De conformidad con lo anterior, La Concesionaria Desarrollo Vial al Mar emitió respuesta mediante Radicado No. 02-01-20220223000467 del 23 de febrero de 2022, comunicando, lo siguiente:

*"Una vez analizada la propuesta de DISTRACOM en el derecho de petición, le indicamos que no puede llevarse a cabo la desafectación del área del talud de corte, motivo por el cual se continua con la inclusión de esta dentro del área total requerida del predio MAR1_UF3_007, contenida en la Oferta Formal de Compra No. 02-01-20210706001792 de fecha del 06/07/2021, dado que se debe tener la titularidad de área para la realización de labores del mencionado mantenimiento y control de posibles derrumbes, evitando inconvenientes en la entrega de permisos a futuro para la elaboración de dichos trabajos.*

*En virtud de lo anterior, lo invitamos muy respetuosamente a continuar con el proceso de enajenación voluntaria, sobre el área requerida de propiedad de la sociedad DISTRACOM S.A para la realización del Proyecto Vial Autopista al Mar 1, mediante la firma de la promesa de compraventa".*

Por esta razón es obligatorio iniciar el proceso de expropiación judicial del INMUEBLE al titular del derecho real de dominio, de conformidad con la Ley 9ª de 1989, la Ley 388 de 1997, la Ley 975 de 2005, la Ley 1592 de 2012, el artículo 399 de la Ley 1564 de 2012, la Ley 1682 del 2013, la Ley 1742 de 2014 y demás normas concordantes.

Que mediante Memorando No. 20246040015973 expedido por el Grupo Interno de Trabajo Predial de la Agencia Nacional de Infraestructura, se emitió concepto en el que se indicó que una vez realizado el

RESOLUCIÓN No. **20246060008629** Fecha**: 01-03-2024**

análisis documental del expediente identificado con la ficha predial No. **MAR1_UF3_07**, cumple con el componente técnico necesario para iniciar los trámites del proceso de expropiación judicial, de acuerdo con la solicitud efectuada por la Concesionaria Desarrollo Vial al Mar SAS, con radicado ANI No. 20244090050152.

Que adicionalmente, se encuentra vencido el término de treinta (30) días hábiles contados a partir de la notificación de la Oferta Formal de Compra del **INMUEBLE** dirigida a los titulares del derecho real de dominio, sin que se haya llegado a un acuerdo formal para la enajenación voluntaria, según el artículo 4º de la Ley 1742 de 2014.

Que con fundamento en las consideraciones referidas es obligatorio iniciar el proceso de expropiación judicial del **INMUEBLE** al titular del derecho real de dominio, de conformidad con la Ley 9ª de 1989, la Ley 388 de 1997, la Ley 975 de 2005, la Ley 1592 de 2012, el artículo 399 de la Ley 1564 de 2012, la Ley 1682 del 2013, la Ley 1742 de 2014 y demás normas concordantes.

Que, en mérito de lo expuesto,

**RESUELVE**

**ARTÍCULO PRIMERO: ORDÉNESE,** por motivos de utilidad pública e interés social, el inicio del trámite de expropiación judicial del siguiente **INMUEBLE**:

Una zona de terreno identificada con la ficha predial No. **MAR1_UF3_07** de la Unidad Funcional 3 de fecha 16 de marzo de 2021, elaborada por DEVIMAR SAS, área de terreno que hace parte del predio denominado Lote No. 1 ubicado en Corregimiento de San Cristóbal, vereda El Naranjal, Municipio de Medellín, Departamento de Antioquia, con un área de **CINCO MIL SETECIENTOS DIECISIETE PUNTO CATORCE METROS CUADRADOS (5.717,14 m2),** identificado con la cédula catastral **60050000061** y matrícula inmobiliaria No. **01N-5302926** de la Oficina de Registro de Instrumentos Públicos de Medellín, Zona Norte y comprendida dentro de los siguientes linderos especiales, tomados de la Ficha Predial MAR1_UF3_07: "Por el **NORTE**: Linda con predio de FRANCISCO JAVIER ORTIZ VASQUEZ Y DISTRACOM S.A. (MISMO PREDIO) (1-23), en longitud de 143,29 m; Por el **SUR**: Linda con DISTRACOM S.A. (MISMO PREDIO) Y FRANCISCO JAVIER MUÑOZ ORTIZ Y OTROS (33-49), en longitud de 151,31 m; Por el **ORIENTE**: Linda con DISTRACOM S.A. (MISMO PREDIO) (23-33), en longitud de 51,80 m; Por el **OCCIDENTE**: Linda con VÍA MEDELLIN - SANTA FE DE ANTIOQUIA (INVIAS) (49-1), en longitud de 86,88 m". Incluyendo las construcciones anexas, cultivos y/o especies que se relacionan a continuación:

**Construcciones Principales:**

**Construcciones Anexas:**

**Cultivos y Especies**:



| INVENTARIO DE CULTIVOS Y ESPECIES ||||
|---|---|---|---|
| DESCRIPCIÓN | CANT | DENS | UN |
| PASTO NATURAL | 1.369,11 | | m² |
| GRAMA | 3.219,45 | | m² |

**ARTÍCULO SEGUNDO**: **NOTIFÍQUESE** personalmente o en su defecto mediante aviso a **DISTRACOM S.A** identificada con la matrícula N° 21-226987-4 y Nit. 811009788-8, propietaria del **INMUEBLE,** en la forma prevista en los artículos 67, 68 y 69 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO TERCERO:** Contra la presente resolución solo procede el recurso de reposición en el efecto devolutivo según el artículo 22 de la Ley 9 de 1989, el artículo 74 de la Ley 1437 de 2011, Código de Procedimiento Administrativo y de lo Contencioso Administrativo, y el artículo 31 de la Ley 1682 de 2013, el cual deberá interponerse dentro de los diez (10) días hábiles siguientes a su notificación personal o por aviso, ante el Vicepresidente de Planeación, Riesgos y Entorno de la Agencia Nacional de Infraestructura, de conformidad con lo dispuesto en el artículo 21 de la Ley 9 de 1989 y el artículo 76 de la Ley 1437 de 2011, Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

**ARTÍCULO CUARTO**: La presente resolución será de aplicación inmediata y quedará en firme una vez sea notificada, de conformidad con lo señalado en el artículo 31 de la Ley 1682 de 2013.

**NOTIFIQUESE Y CÚMPLASE**

Dada en Bogotá D.C., a los **01-03-2024**

**MIGUEL CARO VARGAS**

Vicepresidente de Planeación, Riesgos y Entorno (E)

Proyectó:
VoBo: MARY CRUZ OROZCO CABEZA, RAFAEL ANTONIO DIAZ GRANADOS AMARIS Coord GIT



# English Translation of Exhibit 12





**REPUBLIC OF COLOMBIA**



**MINISTRY OF TRANSPORT**

**NATIONAL INFRASTRUCTURE AGENCY**
RESOLUTION No. **20246060008629**
*20246060008629*
Date: **01-03-2024**



" *By means of which it is ordered to initiate the judicial procedures for the expropriation of an area of land required for the execution of the Highway to the Sea 1 Infrastructure Project, corresponding to Functional Unit 3, located in the municipality of Medellin, department of Antioquia.* "

**THE VICE PRESIDENT OF PLANNING, RISKS AND ENVIRONMENT OF THE NATIONAL AGENCY OF INFRASTRUCTURE**

*In use of its constitutional and legal powers, especially those conferred by Decree 4165 of 2011, modified by Decree 746 of 2022, literal vi, numeral 11 of article 4 of Resolution No. 20221000007275 of June 3, 2022 and Resolution 20244030001045 of January 31, 2024, issued by the National Infrastructure Agency, and*

**CONSIDERING**

That Article 58 of the 1991 Political Constitution, amended by Legislative Act No. 1 of 1999, establishes: *"Private property and other rights acquired under civil law are guaranteed and may not be ignored or violated by subsequent laws. When the application of a law issued for reasons of public utility or social interest results in a conflict between the rights of individuals and the need recognized by it, private interest must give way to the public or social interest. Property is a social function that implies obligations. (…) For reasons of public utility or social interest defined by the legislator, expropriation may be carried out by court judgment and prior compensation. This shall be set after consulting the interests of the community and the affected party (…)".*

That numeral 1 of article 20 of Law 9 of 1989, provides: *"Expropriation, for the reasons stated in Article 10 of this Law, will proceed: 1. When the term for entering into a contract of promise of sale or purchase expires."*

That Article 58 of Law 388 of 1997, which amended Article 10 of Law 9 of 1989, establishes that, for the purposes of decreeing its expropriation, the acquisition of real estate is declared to be of public utility or social interest for the following purposes: *"(...)e) Execution of road infrastructure programs and projects and mass transportation systems."*

That Article 59 of Law 388 of 1997, which amended Article 11 of Law 9 of 1989, provides: *"In addition to the provisions of other laws in force, the Nation, territorial entities, metropolitan areas and associations of municipalities may acquire by voluntary alienation or decree the expropriation of real estate to carry out the activities provided for in Article 10 of Law 9 of 1989 (…)".*

That section 6 of article 61 of Law 388 of 1997 establishes: *"(…) Notwithstanding the foregoing, during the expropriation process and as long as no final judgment has been issued, it will be possible for the owner and the administration to reach an agreement for voluntary alienation, in which case the process will be terminated (…)".*

RESOLUTION No. **20246060008629** Date: **01-03-2024**





That by Decree 4165 of 2011, the legal nature of the National Institute of Concessions (INCO) was changed from a Public Establishment to a National State Agency of a special nature, of the decentralized sector of the Executive Branch of the National Order, with legal personality, its own assets and administrative, financial and technical autonomy, which will be called the National Infrastructure Agency, attached to the Ministry of Transport.

That Article 3 of Decree 4165 of 2011 establishes that the purpose of the National Infrastructure Agency is to plan, coordinate, structure, contract, execute, manage and evaluate concession projects and other forms of Public-Private Partnership (PPP), for the design, construction, maintenance, operation, administration and/or exploitation of public transport infrastructure in all its modes and of related or connected services and the development of public-private partnership projects for other types of public infrastructure when expressly determined by the National Government with respect to infrastructures similar to those stated.

That Article 399 of Law 1564 of 2012, the General Code of Procedure, establishes the rules of the expropriation process.

That Article 19 of Law 1682 of 2013 defines *"as a reason of public utility and social interest the execution and/or development of transportation infrastructure projects referred to in this law, as well as the development of activities related to their construction, maintenance, rehabilitation or improvement, authorizing the administrative or judicial expropriation of urban and rural property and real estate required for such purpose, in accordance with Article 58 of the Political Constitution."*

That section 5 of article 6 of Law 1742 of 2014, which amended article 37 of Law 1682 of 2013, states: *"If no agreement is reached at the voluntary alienation stage, payment for the property will be made in advance, taking into account the cadastral appraisal and the compensation calculated at the time of the purchase offer, at the judicial expropriation stage."*

That the Vice President of Planning, Risks and Environment of the National Infrastructure Agency has the specific power to sign the administrative acts by which the expropriation procedure is ordered, as well as those in which the replacement resources are resolved, in accordance with the provisions of literal vi, numeral 11 of article 4 of Resolution No. 20221000007275 of June 3, 2022, issued by the National Infrastructure Agency.

In this specific case, the National Infrastructure Agency, in coordination with Desarrollo Vial al Mar SAS, under Concession Contract No. 014 of September 3, 2015, is advancing the road project "**AUTOPISTAS AL MAR** 1", as part of the modernization of the National Road Network.

For the execution of the road project "**AUTOPISTAS AL MAR** 1", the National Infrastructure Agency requires the acquisition of a land area identified with property registration number.
**MAR1_UF3_007** of Functional Unit 3 dated March 16, 2021, prepared by the Concesionaria Desarrollo Vial al Mar SAS, with a required land area of **FIVE THOUSAND SEVEN HUNDRED SEVENTEEN POINT FOURTEEN SQUARE METERS (5,717.14 m2).**

That the required property, which will hereinafter be referred to as the **PROPERTY,** is duly delimited within the abscissas **Right Margin: Initial 00+489.10 Km - Final 00+592.20 Km,** property called Lot No. 1 located in the District of San Cristóbal, village El Naranjal, Municipality of Medellín, Department of Antioquia, identified with real estate registration **01N-5302926** of the Public Instruments Registry Office of Medellín, North Zone and with cadastral card No. **60050000061** and included within the following specific boundaries, taken from the **Property Record MAR1_UF3_07** of Functional Unit 3 dated March 16, 2021, namely: "To the **NORTH:** It borders the property of FRANCISCO JAVIER ORTIZ VASQUEZ AND DISTRACOM SA (SAME PROPERTY) (1-23), 143.29 m long; To the **SOUTH:** It borders DISTRACOM SA (SAME PROPERTY) AND FRANCISCO JAVIER MUÑOZ ORTIZ AND OTHERS (33-49), 151.31 m long; To the **EAST:** It borders DISTRACOM SA (SAME PROPERTY) (23-33), 51.80 m long; To the **WEST:** It borders VÍA MEDELLIN - SANTA FE DE ANTIOQUIA (INVIAS) (49-1), 86.88 m long"., including the attached buildings, crops and/or species listed below:


Machine Translated by Google

## RESOLUTION No. 20246060008629 Date: 01-03-2024

**Main buildings:**

| ITEM | DESCRIPTION OF THE CONSTRUCTIONS | QUANTITY | UNIT |
|---|---|---|---|
| A | DWELLING WITH WOODEN STRUCTURE, WALLS CLAD WITH SARÁN MESH AND ZINC, CONCRETE FLOOR 0.10 CM THICK, WOODEN ROOF WITH ZINC SHEETING; WOODEN DOORS, ALUMINUM AND GLASS WINDOWS. CONSISTS OF TWO BEDROOMS, LIVING ROOM, AND KITCHEN. | 33.18 | m² |

**ANNEXED BUILDINGS:**

| ITEM | DESCRIPTION OF ANNEXED CONSTRUCTIONS | QUANTITY | UNIT |
|---|---|---|---|
| B | Storage structure with wooden frame and black plastic, concrete floor, wooden roof with zinc sheeting. | 38.79 | m² |
| C | Bathroom with wooden structure, walls clad with sarán mesh, concrete floor, wooden roof with zinc sheeting, wooden door with black plastic. | 3.86 | m² |
| D | Kitchen with wooden structure, walls clad with sarán mesh natural soil floor, wooden roof and [...] | 3.04 | m² |
| E | Laundry area with wooden posts, walls clad with sarán mesh, natural soil floor, wooden roof and [...] | 2.65 | m² |
| F | Concrete slab 0.11 m thick. | 1.81 | m² |
| G | Smooth concrete slab with thickness of 0.26 m. | 1.07 | m² |
| H | Plastic water tank, 1.00 m in height and 0.50 m in diameter. | 1 | unit |
| I | Chicken coop with wooden posts, walls clad with sarán mesh, natural soil flooring, and wooden roof and [...] | 0.89 | m² |
| J | Concrete floor with thickness of 0.11 m. | 2.43 | m² |
| K | Storage structure with wooden frame, concrete floor, wooden roof with zinc sheeting. | 9.19 | m² |
| L | Fence with wooden posts and black plastic mesh. | 6.85 | linear meters |
| M | Reinforced concrete box culvert with walls of 0.40 m thickness, 3.20 m height, and 4.00 m width. | 51.39 | linear meters |

**CROPS AND SPECIES:**

**CROPS AND SPECIES INVENTORY**

| DESCRIPTION | QUANTITY | DENSITY | UNIT |
|---|---|---|---|
| Natural grass | 1,369.11 | | m² |
| Turf grass (Grama) | 3,219.45 | | m² |

That the general boundaries of the PROPERTY are duly and expressly determined in Resolution No. 50071460 dated May 25, 2022 issued by the Mayor's Office of Medellín, visible in annotation No. 15 of real estate registration No. 01N-5302926.



That the registered owner of the real estate right of ownership of the Property that appears in the real estate registration folio No. 01N-5302926 of the Public Instruments Registry Office of Medellín, North Zone, is the company DISTRACOM SA identified with registration No. 21-226987-4 and NIT 811009788-8, legally represented by Mr. MARCO ANTONIO LONDOÑO SIERRA identified with citizenship card No. 70,062,176, which acquired the PROPERTY under study through Dation in Payment transferred by the company JAR PROYECTOS CIVILES LTDA., identified with registration No. 21-193580-3 and NIT. 800248305-9, notarized in public deed No. 2382 of August 12, 2013, granted at Notary Public 21 of Medellín.

That the Concessionaire Desarrollo Vial al Mar SAS, carried out the title study dated October 31, 2016 with scopes of March 16, 2021 and December 12, 2023, in which it was considered that the acquisition of the required strip of the PROPERTY was viable, through the voluntary alienation and/or judicial expropriation procedure.

That the Concessionaire Desarrollo Vial al Mar SAS, once the **PROPERTY** and its requirement for the development of the aforementioned road project had been fully identified, requested the Corporate Commercial Appraisal of the PROPERTY from Valúos y Tasaciones de Colombia VALORAR SA, endorsed by the Real Estate Exchange of Medellín and Antioquia .

That Valuations and Appraisals of Colombia VALORAR SA endorsed by the Real Estate Exchange of Medellín and Antioquia issued the Corporate Commercial Appraisal dated April 12, 2021 of the PROPERTY , setting the sum of FIVE HUNDRED FORTY-SIX MILLION FOUR HUNDRED TWENTY-SEVEN THOUSAND THREE HUNDRED SEVENTY-FOUR PESOS

# RESOLUTION No. 20246060008629 Date: 01-03-2024

($546,427,374) CURRENT CURRENCY, which corresponds to the required land area and the improvements included therein, in accordance with the provisions of article 61 of law 388 of 1997 and its regulatory decree 1420 of July 24, 1993, and article 27 of decree 2150 of 1995, which is broken down as follows:

Land value, improvements and species: _____

| ITEM | | QUANTITY | UNIT | UNIT VALUE | UNIT TOTAL |
|---|---|---|---|---|---|
| | | | | **VALUES** | |
| Required area | | 2,308.84 | m² | $ 42,900 | $ 99,049,236 |
| Required water buffer zone area | | 3,408.30 | m² | $ 42,900 | $ 146,216,070 |
| **Total Required area** | | | | | **$ 245,265,306** |
| **Main Constructions** | | | | | |
| A | Dwelling with wooden structure, walls clad in sarán mesh and zinc, concrete floor 0.10 m thick, wooden roof with zinc sheeting; wooden doors; aluminum and glass windows. Comprises two bedrooms, living room, and kitchen. | 33.18 | m² | $ 320,800.00 | $10,644,144 |
| **Total Main Constructions** | | | | | **$10,644,144** |
| B | Storage structure with wooden frame and black plastic, concrete floor, wooden roof with zinc sheeting. | 38.79 | m² | $ 300,700.00 | $ 11,664,153 |
| C | Bathroom with wooden frame, walls clad with sarán mesh, concrete floor, wooden roof with zinc sheeting, wooden door with black plastic. | 3.86 | m² | $ 395,300.00 | $ 1,525,858 |
| D | Kitchen with wooden frame, walls clad with sarán mesh, natural soil floor, roof in wood and black plastic. | 3.04 | m² | $ 216,000.00 | $ 656,640 |
| E | Chicken coop with wooden posts, walls clad with sarán mesh, natural soil floor, roof in wood and zinc. | 2.65 | m² | $ 146,500.00 | $ 388,225 |
| F | Concrete floor, 0.11 m thick. | 1.81 | m² | $ 78,000.00 | $ 141,180 |
| G | Smooth concrete slab, 0.26 m thick. | 1.07 | m² | $ 95,600.00 | $ 102,292 |
| H | Plastic water tank, 1.00 m in height and 0.50 m in diameter. | 1 | unit | $ 840,500.00 | $ 840,500 |
| I | Chicken coop with wooden posts, walls clad in sarán mesh, natural soil floor, wooden roof with zinc sheeting. | 0.89 | m² | $146,500.00 | $ 130,385 |
| J | Concrete floor, 0.11 m thick. | 2.43 | m² | $ 78,000.00 | $ 189,540 |
| K | Storage structure with wooden frame, concrete floor, wooden roof with zinc sheeting. | 9.19 | m² | $ 300,700.00 | $ 2,763,433 |
| L | Fence with wooden posts and black shade mesh. | 6.85 | ml | $ 21,400.00 | $ 146,590 |
| M | Reinforced concrete box culvert with walls of 0.40 m thickness, 3.20 m height, and 4.00 m width. | 51.39 | ml | $ 5,274,400.00 | $ 271,051,264 |
| **Total Annexed Constructions** | | | | | **$289,600,212** |
| **Vegetal Species** | | | | | |
| Natural grass | | 1,369.11 | m² | $ 200.00 | $ 273,822 |
| Turf grass (Grama) | | 3,219.45 | m² | $ 200.00 | $ 643,890 |
| **Total Vegetal Species** | | | | | **$ 917,712** |

| | | VALUES |
|---|---|---|
| Total Required Area | | $ 245,265,306 |
| Total Main Constructions | | $ 10,644,144 |
| Total Annexed Constructions | | $ 289,600,212 |
| Total Vegetal Species | | $ 917,712 |
| Total Property Value | | $ 546,427,374 |
| AMOUNT IN WORDS | | Five hundred forty-six million, four hundred twenty-seven thousand, three hundred seventy-four pesos legal currency |

That the Concessionaire Desarrollo Vial al Mar SAS, based on the Commercial Appraisal dated April 12, 2021, made a Formal Purchase Offer 02-01-20210706001792 of July 6, 2021, which renders void the Formal Purchase Offer D-226-2017 of March 6, 2017 and its scopes D-1587-2017 of September 27, 2017 and D-1706 of October 13, 201, to the owner of the real estate right, the company DISTRACOM SA, identified with registration number 21-226987-4 and Nit. 811009788-8, legally represented by Mr. MARCO ANTONIO LONDOÑO SIERRA, identified with citizenship card number. 70.062.176; which was personally notified on July 26, 2021, to its representative, Mr. Sebastian Gomez Diaz, pursuant to the certificate of existence and legal representation dated July 1, 2021, from the Chamber of Commerce of Medellín for Antioquia.

That the Concessionaire Desarrollo Vial al Mar SAS, through official letter 02-01-20210706001793 of 06

RESOLUTION No. **20246060008629** Date: **01-03-2024**




July 2021, requested the Public Instruments Registry Office of Medellín North Zone to cancel the Formal Purchase Offer D-226-2017 of March 6, 2017 in real estate registration folio No. **01N-5302926,** which was registered in annotation No. 13 dated July 26, 2021.

Subsequently, the Concesionaria Desarrollo Vial al Mar SAS, through official letter 02-01-20210706001794 of July 6, 2021, requested the Public Instruments Registry Office of Medellín North Zone, the registration of the Formal Purchase Offer 02-01-20210706001792 of July 6, 2021 in the real estate registration folio No. **01N-5302926,** which was registered in annotation No. 14 dated July 26, 2021.

That in accordance with Real Estate Registration No. **01N-5302926,** of the Public Instruments Registry Office of Medellín North Zone, the property has no liens or limitations on the real right of ownership.

That the company DISTRACOM SA identified with NIT: 811009788-8, presented to the Concesionaria Desarrollo Vial al Mar SAS, through a right of petition with File No. 05-01-20210817000557 of August 17, 2021, a proposal for the acquisition of land in order to achieve a process that is friendly to the interests of both parties and to carry out the signing of the public deed to complete the acquisition of the Property through voluntary alienation.

In accordance with the above, the company presents the following observations regarding the land acquisition process carried out by the Concesionaria Desarrollo Vial al Mar SAS:

1. With the acquisition panorama described above, it is clear that with the purchase offer notified to this company by DEVIMAR, the lot that can be used by our organization, after making effective the entire process of the resulting purchase and sale, suffers a depression and narrowness in its central part, which would prevent the coherent and satisfactory development of the construction project that this company intends to execute in the future.

2. For this reason, formally and respectfully, in different meetings and approaches from the company DISTRACOM SA, we have proposed to the company Desarrollo Vial al Mar SAS, a purchase area that, in addition to making the coherent development of our project possible, would result in a smaller purchase area for DEVIMAR and would bring benefits in the future since the cut slope would be delivered at a minimal gradient, which undoubtedly represents a lower risk.

3. For this reason, a technical review of the acquisition proposal described in the document.
4. Establish a dialogue table between the societies in order to present the proposal.
5. Correct the formal purchase offer submitted by the company Road development to the Sea SAS.

In accordance with the above, the Concessionaire Desarrollo Vial al Mar issued a response through File No. 02-01-20220223000467 of February 23, 2022, communicating the following:

*"After analyzing DISTRACOM's proposal in the right of petition, we inform you that the declassification of the cut slope area cannot be carried out, which is why it continues to be included within the total required area of the MAR1_UF3_007 property, contained in the Formal Purchase Offer No. 02-01-20210706001792 dated 07/06/2021, since ownership of the area must be held to carry out the aforementioned maintenance and control of possible landslides, avoiding inconveniences in the issuance of permits in the future for the execution of said works.*

*In light of the foregoing, we respectfully invite you to continue with the voluntary transfer process for the required area owned by DISTRACOM SA for the implementation of the Autopista al Mar 1 Road Project, by signing the promise of sale."*

For this reason, it is mandatory to initiate the judicial expropriation process of the PROPERTY from the owner of the real estate right, in accordance with Law 9 of 1989, Law 388 of 1997, Law 975 of 2005, Law 1592 of 2012, article 399 of Law 1564 of 2012, Law 1682 of 2013, Law 1742 of 2014 and other concordant regulations.

That through Memorandum No. 20246040015973 issued by the Internal Working Group of the National Infrastructure Agency, an opinion was issued in which it was indicated that once the

Machine Translated by Google

**RESOLUTION No. 20246060008629 Date: 01-03-2024**

Documentary analysis of the file identified with property record No. **MAR1_UF3_07**, complies with the technical component necessary to initiate the procedures for the judicial expropriation process, in accordance with the request made by Concesionaria Desarrollo Vial al Mar SAS, with ANI No. 20244090050152.

Additionally, the term of thirty (30) business days counted from the notification of the Formal Offer to Purchase the PROPERTY **addressed** to the holders of the real estate right has expired, without a formal agreement having been reached for the voluntary transfer, according to article 4 of Law 1742 of 2014.

That based on the aforementioned considerations, it is mandatory to initiate the judicial expropriation process of the PROPERTY from the owner of the real estate right, in accordance with Law 9 of 1989, Law 388 of 1997, Law 975 of 2005, Law 1592 of 2012, article 399 of Law 1564 of 2012, Law 1682 of 2013, Law 1742 of 2014 and other concordant regulations.

That, in light of the above,

**RESOLVES**

**ARTICLE ONE: ORDER**, for reasons of public utility and social interest, the initiation of the judicial expropriation process of the following **PROPERTY:**

An area of land identified with property record No. **MAR1_UF3_07** of Functional Unit 3 dated March 16, 2021, prepared by DEVIMAR SAS, area of land that is part of the property called Lot No. 1 located in the District of San Cristóbal, village of El Naranjal, Municipality of Medellín, Department of Antioquia, with an area of **FIVE THOUSAND SEVEN HUNDRED SEVENTEEN POINT FOURTEEN SQUARE METERS (5,717.14 m2)**, identified with cadastral card 60050000061 and real estate registration No. 01N-5302926 of the Public Instruments Registry Office of Medellín, North Zone and included within the following special boundaries, taken from Property Record MAR1_UF3_07: "To the **NORTH**: Bordered by property of FRANCISCO JAVIER ORTIZ VASQUEZ AND DISTRACOM SA (SAME PROPERTY) (1-23), 143.29 m long; To the **SOUTH**: It borders DISTRACOM SA (SAME PROPERTY) AND FRANCISCO JAVIER MUÑOZ ORTIZ AND OTHERS (33-49), 151.31 m long; To the **EAST**: It borders DISTRACOM SA (SAME PROPERTY) (23-33), 51.80 m long; To the **WEST**: It borders VÍA MEDELLIN - SANTA FE DE ANTIOQUIA (INVIAS) (49-1), 86.88 m long". Including the attached buildings, crops and/or species listed below:

Main Constructions

| ITEM | DESCRIPTION OF THE CONSTRUCTIONS | QUANTITY | UNIT |
|---|---|---|---|
| A | Dwelling with wooden structure, walls clad with sarán mesh and zinc, concrete floor 0.10 m thick, roof in wood with zinc sheeting; wooden doors; aluminum and glass windows. Comprises two bedrooms, living room, and kitchen. | 33.18 | m² |

Annex buildings:

| ITEM | DESCRIPTION OF ANNEXED CONSTRUCTIONS | QUANTITY | UNIT |
|---|---|---|---|
| B | Storage structure with wooden frame and black plastic, concrete floor, wooden roof with zinc sheeting. | 38.79 | m² |
| C | Bathroom with wooden structure, walls clad with sarán mesh, concrete floor, wooden roof with zinc sheeting, wooden door with black plastic. | 3.86 | m² |
| D | Kitchen with wooden structure, walls clad with sarán mesh natural soil floor, wooden roof and […] | 3.04 | m² |
| E | Laundry area with wooden posts, walls clad with sarán mesh, natural soil floor, wooden roof and […] | 2.65 | m² |
| F | Concrete slab 0.11 m thick. | 1.81 | m² |
| G | Smooth concrete slab with thickness of 0.26 m. | 1.07 | m² |
| H | Plastic water tank, 1.00 m in height and 0.50 m in diameter. | 1 | unit |
| I | Chicken coop with wooden posts, walls clad with sarán mesh, natural soil flooring, and wooden roof and […] | 0.89 | m² |
| J | Concrete floor with thickness of 0.11 m. | 2.43 | m² |
| K | Storage structure with wooden frame, concrete floor, wooden roof with zinc sheeting. | 9.19 | m² |
| L | Fence with wooden posts and black plastic mesh. | 6.85 | linear meters |
| M | Reinforced concrete box culvert with walls of 0.40 m thickness, 3.20 m height, and 4.00 m width. | 51.39 | linear meters |

**CROPS AND SPECIES:**

## RESOLUTION No. 20246060008629 Date: 01-03-2024

### CROPS AND SPECIES INVENTORY

| DESCRIPTION | QUANTITY | DENSITY | UNIT |
|---|---|---|---|
| Natural grass | 1,369.11 | | m² |
| Turf grass (Grama) | 3,219.45 | | m² |

**ARTICLE TWO: NOTIFY** personally or, failing that, by means of a notice to **DISTRACOM SA** identified with registration number 21-226987-4 and Tax ID number 811009788-8, owner of the **PROPERTY**, in the manner provided for in articles 67, 68 and 69 of the Code of Administrative Procedure and Administrative Litigation.

**ARTICLE THIRD:** Against this resolution, only the appeal for reconsideration is allowed in the devolutive effect according to article 22 of Law 9 of 1989, article 74 of Law 1437 of 2011, Code of Administrative Procedure and Administrative Litigation, and article 31 of Law 1682 of 2013, which must be filed within ten (10) business days following its personal notification or by notice, before the Vice President of Planning, Risks and Environment of the National Infrastructure Agency, in accordance with the provisions of article 21 of Law 9 of 1989 and article 76 of Law 1437 of 2011, Code of Administrative Procedure and Administrative Litigation.

**ARTICLE FOUR:** This resolution shall be immediately applicable and shall become final once notified, in accordance with the provisions of Article 31 of Law 1682 of 2013.

**NOTIFY AND COMPLY**

Given in Bogotá DC, on **03-01-2024**

**MIGUEL CARO VARGAS**

Vice President of Planning, Risks and Environment (E)

Project:
VoBo: MARY CRUZ OROZCO CABEZA, RAFAEL ANTONIO DIAZ GRANADOS AMARIS Coord GIT


