IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERIMETRAL ORIENTAL DE BOGOTÁ, S.A.S.,<br><br>*Petitioner*,<br><br>v.<br><br>AGENCIA NACIONAL DE INFRAESTRUCTURA<br>and<br>THE REPUBLIC OF COLOMBIA<br><br>*Respondents*. | Civil Action No. _____ |

**<u>Declaration of Jason W. Myatt in Support of Petition to Confirm Arbitral Award</u>**

# EXHIBIT 29

# LEY 1952 DE 2019

(enero 28)

D.O. 50.850, enero 28 de 2019

por medio de la cual se expide el Código General Disciplinario, se derogan la Ley 734 de 2002 y algunas disposiciones de la Ley 1474 de 2011, relacionadas con el derecho disciplinario.

ANTECEDENTE LEGISLATIVO
PROYECTO DE LEY PUBLICADO GACETA 401/14
PRIMER DEBATE SENADO GACETAS 664/14 – CAMARA 276/15
SEGUNDO DEBATE SENADO GACETA 842/14 – CAMARA 394/15
TEXTO PLENARIA SENADO GACETA 879/14 – CAMARA 426/15
CONCILIACION SENADO GACETA 409/15 – CAMARA 410/15
OBJECIONES SENADO GACETA 555/15

**Nota 1: Modificada por la Ley 2365 de 2024.**

**Nota 2: Adicionada por la Ley 2365 de 2024.**

**Nota 3: Ver Ley 2220 de 2022, artículo 35.**

**Nota 4: Reformada por la Ley 2094 de 2021.**

**Nota 5: La Ley 2094 de 2021, artículo 73, dice: "Las disposiciones previstas en la presente ley, y las contenidas en la Ley 1952 de 2019, que no son objeto de reforma, entrarán a regir nueve (9) meses después de su promulgación. Durante este período conservará su vigencia plena la Ley 734 de 2002, con sus reformas.".**

**Nota 6: La Ley 1955 de 2019, artículo 140, prorrogó hasta el 1° de julio de 2021, la entrada en vigencia de la Ley 1952.** (éste declarado exequible por el cargo analizado por la Corte Constitucional en la Sentencia C-95 de 2020. Providencia confirmada en la Sentencia C-427 de 2020.).

El Congreso de Colombia

DECRETA:

## LIBRO I

## PARTE GENERAL

## TÍTULO I

### PRINCIPIOS Y NORMAS RECTORAS DE LA LEY DISCIPLINARIA

Artículo 1°. Reconocimiento de la dignidad humana. Quien intervenga en la actuación disciplinaria será tratado con el respeto debido a la dignidad humana.

Artículo 2°. **Modificado por la Ley 2094 de 2021, artículo 1º.** (éste declarado exequible condicionalmente por la Corte Constitucional en la Sentencia C-30 de 2023.). Titularidad de la potestad disciplinaria, funciones *jurisdiccionales* de la Procuraduría General de la Nación e independencia de la acción. El Estado es el titular de la potestad disciplinaria. **(Nota: La expresión tachada fue declarada inexequible por la Corte Constitucional en la Sentencia C-30 de 2023.).**

Se le atribuye a la Procuraduría General de la Nación funciones *jurisdiccionales* para la vigilancia superior de la conducta oficial de quienes desempeñan funciones públicas, inclusive los de elección popular y adelantar las investigaciones disciplinarias e imponer las sanciones de destitución, suspensión e inhabilidad y las demás establecidas en la ley. **(Nota: La expresión tachada fue declarada inexequible por la Corte Constitucional en la Sentencia C-30 de 2023.).**

Las decisiones sancionatorias que pongan fin a la actuación disciplinaria y producto de las funciones *jurisdiccionales* que se le reconocen a la Procuraduría General de la Nación serán susceptibles de ser revisadas ante la jurisdicción de lo contencioso-administrativo, en los términos establecidos en esta Ley. **(Nota: La expresión tachada fue declarada inexequible por la Corte Constitucional en la Sentencia C-30 de 2023.).**

Para los servidores públicos de elección popular, la ejecución de la sanción se supeditará a lo que decida la autoridad judicial.

Sin perjuicio del poder disciplinario preferente de la Procuraduría General de la Nación y de las personerías distritales y municipales, corresponde a las oficinas de control disciplinario interno y a los funcionarios con potestad disciplinaria de las ramas, órganos y entidades del Estado, conocer de los asuntos disciplinarios contra los servidores públicos de sus dependencias.

A la Comisión Nacional de Disciplina Judicial y a las Comisiones Seccionales de Disciplina Judicial les corresponde ejercer la acción disciplinaria contra los funcionarios y empleados judiciales, incluidos los de la Fiscalía General de la Nación, así como contra los particulares disciplinables conforme a esta ley y demás autoridades que administran justicia de manera temporal permanente.

La competencia de la Procuraduría General de la Nación es privativa para conocer de los procesos disciplinarios contra los servidores públicos de elección popular y de sus propios servidores, salvo los que, tengan fuero

especial y el régimen ético disciplinario en el ejercicio de la función de conformidad con el artículo 185 de la Constitución Política.

La acción disciplinaria es independiente de cualquiera otra que pueda surgir de la comisión de la falta.

Texto inicial del artículo 2º: "Titularidad de la potestad disciplinaria y autonomía de la acción. El Estado es el titular de la potestad disciplinaria.
Sin perjuicio del poder disciplinario preferente de la Procuraduría General de la Nación y de las Personerías Distritales y Municipales, corresponde a las oficinas de control disciplinario interno y a los funcionarios con potestad disciplinaria de las ramas, órganos y entidades del Estado, conocer de los asuntos disciplinarios contra los servidores públicos de sus dependencias.
El titular de la acción disciplinaria en los eventos de los funcionarios y empleados judiciales, los particulares y demás autoridades que administran justicia de manera temporal o permanente es la jurisdicción disciplinaria.
La acción disciplinaria es independiente de cualquiera otra que pueda surgir de la comisión de la falta.".

Artículo 3°. Poder disciplinario preferente. La Procuraduría General de la Nación es titular del ejercicio preferente del poder disciplinario en cuyo desarrollo podrá iniciar, proseguir o remitir cualquier investigación o juzgamiento de competencia de los órganos de control disciplinario interno de las entidades públicas y personerías distritales y municipales. Igualmente podrá asumir el proceso en segunda instancia.

Las personerías municipales y distritales tendrán frente a la administración poder disciplinario preferente.

Artículo 4°. Legalidad. Los destinatarios de este código solo serán investigados y sancionados disciplinariamente por comportamientos que estén descritos como falta en la ley vigente al momento de su realización. La preexistencia también se predica de las normas complementarias.

La labor de adecuación típica se someterá a la aplicación de los principios de especialidad y subsidiariedad.

Artículo 5°. Fines de la sanción disciplinaria. La sanción disciplinaria tiene finalidad preventiva y correctiva, para garantizar la efectividad de los principios y fines previstos en la Constitución, la ley y los tratados internacionales, que se deben observar en el ejercicio de la función pública.

Artículo 6°. Proporcionalidad y razonabilidad de la sanción disciplinaria. La imposición de la sanción disciplinaria deberá responder a los principios de proporcionalidad y razonabilidad.

La sanción disciplinaria debe corresponder a la clasificación de la falta y a su graduación de acuerdo con los criterios que fija esta ley.

Artículo 7°. Igualdad. Las autoridades disciplinarias deberán hacer efectiva la igualdad de los intervinientes en el desarrollo de la actuación

# English Translation of Exhibit 29

# LAW 1952 OF 2019 (January 28)

DO 50.850, January 28, 2019

by means of which the General Disciplinary Code is issued, Law 734 of 2002 is repealed and some provisions of Law 1474 of 2011, related to disciplinary law.

---

LEGISLATIVE BACKGROUND

BILL PUBLISHED IN GAZETTE 401/14

FIRST DEBATE SENATE GAZETTES 664/14 – CHAMBER 276/15

SECOND DEBATE SENATE GAZETTE 842/14 – CHAMBER 394/15

TEXT OF THE PLENARY MEETING OF THE SENATE GAZETTE 879/14 – CHAMBER 426/15

CONCILIATION SENATE GAZETTE 409/15 – CAMERA 410/15

OBJECTIONS TO THE SENATE GAZETTE 555/15

---

**Note 1:** Modified by Law 2365 of 2024.

**Note 2:** Added by Law 2365 of 2024.

**Note 3:** See Law 2220 of 2022, Article 35.

**Note 4:** Amended by Law 2094 of 2021.

**Note 5:** Law 2094 of 2021, Article 73 states: "The provisions set forth in this law, and those contained in Law 1952 of 2019, which are not subject to reform, will enter into force nine (9) months after their promulgation. During this period, Law 734 of 2002 will remain in full force. with its reforms."

**Note 6:** Law 1955 of 2019, Article 140, extended until July 1, 2021, the entry into force of Law 1952. (This was declared constitutional by the charge analyzed by the Constitutional Court in Judgment C-95 of 2020. Order confirmed in Judgment C-427 of 2020.).

The Congress of Colombia

DECREES:

## BOOK I

## GENERAL PART

## TITLE I

### PRINCIPLES AND GOVERNING RULES OF DISCIPLINARY LAW

Article 1. Recognition of human dignity. Anyone involved in disciplinary proceedings shall be treated with the respect due to human dignity.

Article 2°. **Amended by** Law 2094 of 2021, **Article 1.** (This declared conditionally constitutional by the Constitutional Court in Judgment C-30 of 2023.) Ownership of disciplinary power, *jurisdictional* functions of the Office of the Attorney General and independence of action. The State is the holder of disciplinary power. **(Note: The crossed out expression was declared unconstitutional by the Constitutional Court in Judgment C-30 of 2023.)**

The Office of the Attorney General is assigned *jurisdictional* functions for the superior surveillance of the official conduct of those who perform public functions, including those elected by popular vote, and to conduct disciplinary investigations and impose sanctions of dismissal, suspension, and disqualification, as well as other sanctions established by law.

**(Note: The crossed out expression was declared unconstitutional by the Constitutional Court in Judgment C-30 of 2023.)**

Sanctioning decisions that put an end to disciplinary action and are the result of the *jurisdictional* functions recognized to the Attorney General's Office will be subject to review before the contentious-administrative jurisdiction, under the terms established in this Law. **(Note: The crossed out expression was declared unconstitutional by the Constitutional Court in Judgment C-30 of 2023.)**

For elected public servants, the execution of the sanction will be subject to the decision of the judicial authority.

Without prejudice to the preferential disciplinary power of the Attorney General's Office and the district and municipal ombudsmen, it is the responsibility of the internal disciplinary control offices and the officials with disciplinary power of the branches, organs and entities of the State, to hear disciplinary matters against public servants of their departments.

The National Commission on Judicial Discipline and the Sectional Commissions on Judicial Discipline are responsible for exercising disciplinary action against judicial officials and employees, including those of the Attorney General's Office, as well as against individuals who may be disciplined in accordance with this law and other authorities that administer justice on a temporary or permanent basis.

The jurisdiction of the Attorney General's Office is exclusive to hear disciplinary proceedings against elected public servants and its own servants, except those who have legal protection.

special and the ethical disciplinary regime in the exercise of the function in accordance with article 185 of the Political Constitution.

Disciplinary action is independent of any other action that may arise from the commission of the offense.

<u>Initial text of Article 2:</u> "Ownership of disciplinary power and autonomy of action. The State is the holder of disciplinary power.

Without prejudice to the preferential disciplinary power of the Attorney General's Office and the District and Municipal Ombudsman's Offices, it is the responsibility of the internal disciplinary control offices and the officials with disciplinary power of the branches, organs and entities of the State, to hear disciplinary matters against public servants of their departments.

The disciplinary jurisdiction is the one responsible for disciplinary action in the events of judicial officials and employees, individuals and other authorities that administer justice on a temporary or permanent basis.

"Disciplinary action is independent of any other action that may arise from the commission of the offense."

Article 3. Preferential disciplinary power. The Office of the Attorney General of the Nation is the holder of the preferential exercise of disciplinary power, in which it may initiate, continue or refer any investigation or judgment within the jurisdiction of the internal disciplinary control bodies of public entities and district and municipal ombudsmen.

It may also take over the process in the second instance.

Municipal and district ombudsmen will have preferential disciplinary power over the administration.

Article 4. Legality. Recipients of this code will only be investigated and disciplined for behaviors that are described as a violation in the law in force at the time of their implementation.

Preexistence is also predicated on complementary norms.

The typical adaptation work will be subject to the application of the principles of specialty and subsidiarity.

Article 5. Purposes of disciplinary sanctions. Disciplinary sanctions have preventive and corrective purposes, to guarantee the effectiveness of the principles and purposes provided for in the Constitution, the law and international treaties, which must be observed in the exercise of public office.

Article 6. Proportionality and reasonableness of disciplinary sanctions.
The imposition of disciplinary sanctions must respond to the principles of proportionality and reasonableness.

The disciplinary sanction must correspond to the classification of the offense and its grading in accordance with the criteria established by this law.

Article 7. Equality. Disciplinary authorities must ensure equality between those involved in the development of the proceedings.