**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PERIMETRAL ORIENTAL DE BOGOTÁ, S.A.S.,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**AGENCIA NACIONAL DE INFRAESTRUCTURA, et al.,**<br><br>**Respondents.** | **Civil Action No. 25-1099 (JDB)** |

# MEMORANDUM OPINION & ORDER

Perimetral Oriental de Bogotá (POB) obtained an arbitral award against Agencia Nacional de Infraestructura (ANI) and the Republic of Colombia from a tribunal seated in Bogotá, Colombia. Pet. [ECF No. 1] ¶¶ 1, 36–38. ANI asked the Colombian Council of State to set the award aside, and POB then petitioned this Court to confirm and enforce the award. Council of State Denial of Suspension Request [ECF No. 15-4] at 9; see Pet. ¶ 1. ANI moved to dismiss POB's petition for lack of personal jurisdiction, but it did not claim immunity from suit or challenge service of process under the Foreign Sovereign Immunities Act (FSIA). ANI Mot. to Dismiss [ECF No. 16-1] at 7 n.2; Aug. 14, 2026 Mem. Op. [ECF No. 38] at 28–29. ANI reserved the right to present merits defenses to enforcement of the award under Article V of the New York Convention in the event the Court denied its motion. ANI Mot. to Dismiss at 2–3. In August 2026, the Court denied ANI's motion and ordered ANI and POB to jointly file a status report proposing a schedule for further proceedings. Aug. 14, 2026 Order [ECF No. 39]; see Aug. 14, 2026 Mem. Op. at 32–33.

Before the parties submitted the status report, ANI filed a notice of appeal to the D.C. Circuit. Notice of Appeal [ECF No. 40]. ANI seeks review of whether this Court's exercise of personal jurisdiction over it comports with the Fifth Amendment's Due Process Clause. Statement of Issues, D.C. Cir. Case No. 26-7189 (Oct. 15, 2026). The subsequent status report presented the parties' positions on whether ANI's notice of appeal divests this Court of jurisdiction and, alternatively, whether the Court should stay the case pending the disposition of ANI's appeal and of the Colombian set-aside proceedings. Joint Status Report [ECF No. 42]. The Court then issued a show-cause order directing the parties to submit supplemental briefing on these issues, and that briefing is now before the Court. See Sept. 18, 2026 Order to Show Cause; ANI Mem. in Response to Order to Show Cause ("ANI Mem.") [ECF No. 48]; POB Mem. in Response to Order to Show Cause ("POB Mem.") [ECF No. 49].

## DISCUSSION

### I. Notice of Appeal

ANI contends that its filing of the notice of appeal divests this Court of jurisdiction. ANI Mem. at 4–5. But the order denying ANI's motion to dismiss for lack of personal jurisdiction is not appealable, so this Court retains jurisdiction notwithstanding the notice of appeal.

The "filing of a notice of appeal" generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citation modified). But "[c]ourts have carved out" an "exception[] … where the defendant … takes an interlocutory appeal from a non-appealable order." Id. at 1302–03.

The order denying ANI's motion to dismiss for lack of personal jurisdiction is not appealable. "Generally, courts of appeal have appellate jurisdiction over only final decisions of the district courts," and "orders denying motions to dismiss [ordinarily] are not final decisions

because such orders ensure that litigation will continue in the district court." Bombardier Corp. v. Nat'l R.R. Passenger Corp., 333 F.3d 250, 253 (D.C. Cir. 2003) (citation modified). Under the "collateral order doctrine," which "provides a limited exception to this final decision rule," a party may obtain interlocutory review of an order denying a motion to dismiss only if the order is "effectively unreviewable on appeal from the final judgment in the underlying action." O'Connell v. U.S. Conf. of Cath. Bishops, 134 F.4th 1243, 1248–49 (D.C. Cir. 2025). The requirement of effective unreviewability is "stringent." Id.

The effective-unreviewability requirement is not met here. Unlike a claim of sovereign immunity under the FSIA, which "is immediately appealable" because immunity confers "a right not to be tried," Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 91 (D.C. Cir. 2002), a challenge to the exercise of personal jurisdiction asserts a "right not to be subject to a binding judgment of the court," Van Cauwenberghe v. Biard, 486 U.S. 517, 527 (1988). The Supreme Court has held that "the right not to be subject to a binding judgment may be effectively vindicated following final judgment," so "the denial of a claim of lack of [personal] jurisdiction is not an immediately appealable collateral order." Id.; see Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 501 (1989) (indicating that "a claim that the trial court lacked personal jurisdiction over the defendant" is "adequately vindicable" "by appeal after final judgment"). The Supreme Court and the D.C. Circuit have not yet ruled on this issue in the FSIA context.[1] But the Second Circuit has held that "an order denying [an FSIA defendant's] motion to dismiss for lack of personal jurisdiction is not an immediately appealable collateral order," Atlantica Holdings, Inc. v.

[1] The D.C. Circuit has explained that when it "take[s] up a denial of immunity under the FSIA through the collateral-order doctrine," it "may also consider a foreign sovereign's challenge to personal jurisdiction under [its] pendent appellate jurisdiction." Stabil LLC v. Russian Federation, 167 F.4th 506, 517 (D.C. Cir. 2026). But ANI appeals only an order rejecting its challenge to personal jurisdiction, so its appeal does not implicate pendent appellate jurisdiction.

Sovereign Wealth Fund Samruk-Kazyna JSC, 813 F.3d 98, 116 (2d Cir. 2016), as the issue of personal jurisdiction "can be reviewed effectively on appeal from final judgment," Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 756 (2d Cir. 1998). The Ninth Circuit has likewise explained that unlike an "order denying [a] motion[] to dismiss for lack of subject matter jurisdiction based on sovereign immunity," a "decision declining to dismiss the action for lack of personal jurisdiction … is fully reviewable on appeal after judgment." Cassirer v. Kingdom of Spain, 616 F.3d 1019, 1022 (9th Cir. 2010) (en banc).

Here, ANI sought dismissal based on lack of personal jurisdiction rather than sovereign immunity. ANI Mot. to Dismiss at 7 n.2. Following Supreme Court, Second Circuit, and Ninth Circuit precedent, this Court concludes that ANI's challenge to the exercise of personal jurisdiction may be effectively vindicated on appeal from a final judgment. The Court's order denying ANI's motion to dismiss is therefore non-appealable, so ANI's filing of the notice of appeal does not divest this Court of jurisdiction.

ANI's arguments to the contrary are unavailing. First, ANI invokes the Supreme Court's statement that "Congress deliberately tied" "together" the FSIA's "immunity and jurisdictional provisions." CC/Devas (Mauritius) Ltd. v. Antrix Corp., 605 U.S. 223, 234 (2025); see ANI Mem. at 3. But the Court was merely observing that where an FSIA exception to sovereign immunity applies, the statute's general immunity provision for foreign states "falls away," and a separate FSIA provision "grants jurisdiction." CC/Devas, 605 U.S. at 234. That analysis bolstered the Court's conclusion that "personal jurisdiction over a foreign sovereign is automatic whenever (1) an exception to immunity applies and (2) service of process has been accomplished." Id. at 232 (citation modified). Nothing in CC/Devas indicates that the relationship between personal jurisdiction and sovereign immunity in the FSIA makes an order denying a motion to dismiss for

lack of personal jurisdiction immediately appealable, especially where, as here, the respondent does not claim immunity or challenge service of process but instead presses a due-process objection to the exercise of personal jurisdiction. See Aug. 14, 2026 Mem. Op. at 28–29.

Second, ANI relies on a D.C. Circuit decision, Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148 (D.C. Cir. 1994), but that case does not help it. There, the Bolivian Air Force conceded that it lacked immunity and instead took an "interlocutory appeal" from an order denying its motion for summary judgment for lack of personal jurisdiction, contending that it had not been properly served under the FSIA. Id. at 149, 151. The D.C. Circuit reversed because the district court that entered default judgment against the Bolivian Air Force "lacked personal jurisdiction." Id. at 154. ANI claims that Transaero "allows its interlocutory appeal" because, as in Transaero, ANI does not assert sovereign immunity but instead challenges the district court's exercise of personal jurisdiction over it. ANI Mem. at 2–3. But Transaero did not hold that the denial of an FSIA respondent's motion asserting lack of personal jurisdiction is immediately appealable. The parties in Transaero did not dispute the issue of appealability. And the D.C. Circuit simply cited a prior decision holding that the "denial of a claim of sovereign immunity is an immediately appealable collateral order," without explaining how that decision applies to the denial of a personal-jurisdiction challenge. Transaero, 30 F.3d at 150 (emphasis added) (citing Foremost-McKesson, Inc. v. Islamic Republic of Iran, 905 F.2d 438, 443 (D.C. Cir. 1990)). In short, the appealability issue in Transaero was "assumed by the parties" and "assumed without discussion by the" D.C. Circuit, and a "drive-by jurisdictional ruling[] of this sort" has "no precedential effect." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 91 (1998).[2]

[2] At most, Transaero may permit interlocutory review of a decision that rejects a personal-jurisdiction challenge alleging improper service under the FSIA. But here ANI "stipulated to service." ANI Mot. to Dismiss at 7 n.2.

For these reasons, the Court's order denying ANI's motion to dismiss is non-appealable, so this Court retains jurisdiction even though ANI has filed a notice of appeal.[3]

## II. Stay

ANI argues, in the alternative, that the Court should stay this case pending resolution of (1) the D.C. Circuit appeal and (2) the proceedings before the Colombian Council of State to set aside the arbitral award. ANI Mem. at 5–9. A stay is not warranted.

First, ANI is not entitled to a stay pending appeal. To obtain this "exceptional relief," ANI must, among other things, "make a strong showing that it is likely to succeed on the merits" and "demonstrate that it will be irreparably injured before the appeal concludes." KalshiEX LLC v. Commodity Futures Trading Comm'n, 119 F.4th 58, 63 (D.C. Cir. 2024) (citation modified). ANI fails on both counts. ANI cannot show a likelihood of success on the merits of an appeal challenging a non-appealable order. Even if the order were appealable, moreover, all ANI offers on the merits is that the order relied on a Supreme Court due-process framework that is "vague" and "would benefit from further analysis by the D.C. Circuit." ANI Mem. at 6. This argument comes nowhere close to a showing of likely success on the merits. And ANI asserts that it may have to "needlessly" "expend time and resources" "asserting its merits defenses" if the case moves forward. Id. But "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974); see Pan Am Flight 73 Liaison Grp. v. Dave, 711 F. Supp. 2d 13, 34–35 (D.D.C. 2010).

---

[3] POB has moved in the D.C. Circuit to dismiss ANI's appeal for lack of jurisdiction. Mot. to Dismiss, D.C. Cir. Case No. 26-7189 (Oct. 30, 2026). But this Court need not wait for the D.C. Circuit to rule on the motion. For the reasons given above, "the Court is all but certain the D.C. Circuit will dismiss [ANI's] appeal for lack of jurisdiction," so the Court is "confident it retains authority to proceed with the case." United States v. Bodye, 182 F. Supp. 3d 1, 4 (D.D.C. 2016).

Second, the set-aside proceedings before the Colombian Council of State do not warrant a stay. Under the New York Convention, a district court may stay "confirmation proceedings if an application to vacate the award has been made in another jurisdiction." LLC SPC Stileks v. Republic of Moldova, 985 F.3d 871, 879 (D.C. Cir. 2021). ANI and POB both invoke the Second Circuit's six-factor Europcar test for determining whether to stay proceedings under these circumstances. See ANI Mem. at 8–9; POB Mem. at 12–15; Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 317–18 (2d Cir. 1998). Although the D.C. Circuit has "yet to endorse the Europcar approach," it has said that "a district court would abuse its discretion if it failed to consider" the first two Europcar factors: "(1) the general objectives of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation"; and "(2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved." Stileks, 985 F.3d at 879–80. Those factors "directly implicate the court's responsibility to balance the Convention's policy favoring confirmation of arbitral awards against the principle of international comity embraced by the Convention." Id. at 880 (citation modified).

The first two Europcar factors weigh against a stay here. POB commenced arbitration more than 6 years ago, Pet. ¶ 25, which "is hardly an expeditious resolution of the dispute," and staying this case might force POB "to sit on its award for several additional years," Stileks, 985 F.3d at 880 (citation modified). Moreover, ANI has given no time estimate for the conclusion of the set-aside proceedings. ANI says only that waiting for the proceedings to conclude "is unlikely to result in significant delay" because "[t]he parties have concluded briefing before the Council of State and are awaiting a ruling," "[n]o further proceedings remain," and "there is no possibility of

appeal." ANI Mem. at 8.[4] The Court will not stay the case pending resolution of proceedings with such an uncertain timeline. See JSC DTEK Krymenergo v. Russian Federation, Civ. A. No. 23-3330, 2025 WL 1148347, at *7 (D.D.C. Apr. 17, 2025) (declining to stay case where defendant "offered no estimate of when the set-aside proceedings might conclude"); cf. Stati v. Republic of Kazakhstan, 199 F. Supp. 3d 179, 193 (D.D.C. 2016) (staying confirmation proceeding "[g]iven the fact that a decision by the Swedish court is expected in the coming months").

The "lesser four Europcar factors" generally do not favor a stay either. Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela, 146 F. Supp. 3d 112, 135 (D.D.C. 2015). The third factor considers "whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review." Stileks, 985 F.3d at 880. ANI contends that "Colombian courts may apply various grounds available under domestic law to review—and annul—the award" and that it has sought to set aside the award as "contrary to fundamental principles of public policy." ANI Mem. at 8–9. But ANI "has provided no compelling reason to believe that the" Council of State will set aside the award on this or any other basis, "so this factor weighs, at best, only marginally in its favor." Gold Rsrv., 146 F. Supp. 3d at 135.

The fourth factor addresses "the characteristics of the foreign proceedings." Stileks, 985 F.3d at 880. ANI contends that this factor favors a stay because "ANI's motivation in the appeal and the request for a stay is not delay" and because it initiated the set-aside proceedings "before POB filed this enforcement action." ANI Mem. at 9. But the fact that ANI knew about its set-aside application when it moved to dismiss yet sought a stay only after this Court denied its motion suggests that ANI does seek to "delay resolution of the dispute." Stileks, 985 F.3d at 880; see JSC

---

[4] In its motion to dismiss, filed more than a year ago, ANI asserted that the "Council of State is expected to rule on the set-aside petition within the next six months—and possibly sooner." ANI Mot. to Dismiss at 6. ANI has offered no time estimate in its more recent briefing.

DTEK, 2025 WL 1148347, at *7 (denying motion to stay where movant sought stay only after "its motion to dismiss was fully briefed"). And ANI brought the foreign proceedings to set POB's award aside, which under Europcar "tend[s] to weigh in favor of enforcement" rather than a stay. Stileks, 985 F.3d at 880. Overall, the fourth factor disfavors a stay.

The fifth and sixth factors consider "a balance of the possible hardships to each of the parties" and "any other [relevant] circumstances." Id. Here ANI contends only that it owns no assets in the United States, so staying the case would not prejudice POB because POB "could not execute against assets even if judgment is to be entered at a later point in time." ANI Mem. at 9. But as the Court has already explained, "it remains possible that ANI could accumulate assets within the United States." Aug. 14, 2026 Mem. Op. at 32. And proceeding with this case would impose a "minimal burden on ANI," "a sophisticated organization that operates a nearly three-billion-dollar budget." Id. Given that a stay would result in POB's "continued inability to obtain enforcement of its award," the Court concludes that the final two Europcar factors do not support a stay. Chevron Corp. v. Republic of Ecuador, 949 F. Supp. 2d 57, 72 (D.D.C. 2013), aff'd, 795 F.3d 200 (D.C. Cir. 2015).

The Court will therefore decline to issue a stay.

## III. Briefing Schedule

The next stage of this case is for the parties to brief, and the Court to rule on, any defenses to recognition under Article V of the New York Convention that ANI wishes to present. The Court will order ANI to file its opposition to POB's petition, asserting any defenses to recognition, by not later than December 10, 2026. The Court will order POB to file its reply, responding to ANI's defenses, by not later than January 14, 2027.

## CONCLUSION

Upon consideration of [42] the parties' joint status report, [48] ANI's supplemental memorandum, [49] POB's supplemental memorandum, and the entire record herein, the Court concludes that ANI's notice of appeal does not divest the Court of jurisdiction, and it is hereby **ORDERED** that ANI's request for a stay is **DENIED**. It is further **ORDERED** that ANI shall file its opposition to POB's petition, asserting any defenses to recognition under Article V of the New York Convention, by not later December 10, 2026. It is further **ORDERED** that POB shall file its reply, responding to ANI's defenses, by not later than January 14, 2027.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: November 5, 2026